# Flick *against* Troxsell.

The sheriff having in his hands two executions, one issued 21st September, the other the 26th October 1842, returned the latter levied subject to a prior levy, and the former levied as per inventory and sold for $508.23. *Held* this return was conclusive as to the rights of the former execution, and parol evidence was not admissible to show that the latter execution creditor was entitled to the money.

But parol evidence may be given in such case to show a private arrangement between the first execution creditor and the defendant, unknown to the sheriff, not to have a sale of the defendant's goods, and this is not inconsistent with the sheriff's return.

ERROR to the Common Pleas of *Northampton* county.

This was a feigned issue under the Act of 16th June 1836, ordered by the court at the request of George Troxsell, Jun., the plaintiff below, for the purpose of trying the rights of Conrad Flick and Troxsell to certain moneys in court arising from sheriff's sale of the goods of Jacob Strickland.

The plaintiff gave in evidence a judgment in favour of George Troxsell, Jun., against Jacob Strickland, in the Common Pleas of

[Flick v. Troxsell.]

Northampton county, No. 164, August term 1842, entered 21st September 1842 for $859.98 on single bill and warrant of attorney of same date. *Fieri facias* on this judgment issued 21st September 1842, No. 19, November term 1842, came to hand same day; levy endorsed of stage-coaches, horses, wagons, harness and household furniture; returned, "levied as per inventory and sold for $508. 23." On the *fieri facias* was also endorsed a deputation to Elijah Hagerman to secure the goods levied on, dated October 28th 1842, and a credit by order of plaintiff, September 26th 1842, for $135.

The defendant gave in evidence a judgment in favour of Conrad Flick against Jacob Strickland in the Common Pleas of Northampton county, No. 209, August term 1842, entered 26th October 1842 on penal bill 25th October 1842. *Fieri facias* issued for the real debt $274.27 on this judgment 26th October 1842, No. 25, November term 1842; came to hand same day; returned, "levied subject to a prior levy."

The defendant then called the sheriff, and offered to prove by him the plaintiff's instructions to him delaying the execution of the *fieri facias* in the case of *Troxsell v. Strickland*, and Troxsell's statements to the witness that he did not wish defendant sold out, but that he desired him to go on with his business as before, and that the sheriff should leave the goods with defendant without security; and that whilst the prior execution was thus delayed under those instructions, the second execution was placed in his hands with orders to proceed and sell immediately, which he accordingly did with both executions in his hands, and levied at the same time; to which evidence the plaintiff objected, and the court overruled the offer and sealed an exception.

The defendant then offered to call witnesses to prove an arrangement made by Troxsell with Strickland, and other conduct of Troxsell, evincing his intention not to have a sale of the property levied upon; to which evidence the plaintiff objected, and the court rejected it and sealed an exception.

The rejection of the evidence mentioned in the bills of exception was the subject of the errors assigned.

*M. H. Jones* and *Reeder*, for the plaintiff in error, cited *Eberle v. Mayer*, (1 *Rawle* 366); *Commonwealth v. Stremback*, (3 *Rawle* 344); *Snyder v. Kunkleman*, (3 *P. R.* 487); *Hickman v. Caldwell*, (4 *Rawle* 378); *Weir v. Hale*, (3 *Watts & Serg.* 285); *Corlies v. Stanbridge*, (5 *Rawle* 286); *Howell v. Alkyn*, (2 *Rawle* 282).

*Porter* and *Hepburn*, contra, relied on *Mentz v. Hamman*, (5 *Whart.* 153), and referred to *Kleckner v. Lehigh Co.*, (6 *Whart.* 66); *Diller v. Roberts*, (13 *Serg. & Rawle* 64); *Blythe v. Richards*, (10 *Ib.* 266); *Hall v. Galbraith*, (8 *Watts* 220); *Watson on Sher.* 72, 127.

[Flick v. Troxsell.]

The opinion of the Court was delivered by

ROGERS, J.—That the return of the sheriff is conclusive, is one of those elementary principles which cannot be gainsaid or denied. Was, then, the evidence rejected by the court in opposition to the sheriff's return? The sheriff had two executions in his hands, one issued the 21st September 1842, the other the 26th October 1842. The latter he returned levied subject to a prior levy, the former levied as per inventory and sold for $508.23. The legal effect of the return is, levied and sold and money made on the first execution; so that nothing can be clearer than that the first execution creditor, without more, is entitled to the proceeds of the sale. In truth, nothing has been done on the junior execution, except a levy subject to the first execution. Under these circumstances, the offer is made as is contained in the first bill of exceptions, the operation of which will be to alter and vary the sheriff's return. But that this cannot be done is ruled in *Mentz* v. *Hamman*, (5 *Whart.* 151). If the facts are as stated, the sheriff has made a false return, and is answerable for the debt to the second execution creditor; for it was his duty to make the sale on the second execution and so to return it, inasmuch as by the conduct of the first execution creditor, of which he was cognizant, he was postponed to the second. The offer to prove these facts by the sheriff himself is an attempt to avoid the effect of his return, and to exonerate himself from the consequences of his own act. *Mentz* v. *Hamman*, (5 *Whart.* 151). The court were right in rejecting the evidence in the first bill. ·

Then as to the second bill. The defendant offered to call witnesses to prove an arrangement made by the plaintiff Troxsell with the defendant Strickland, and other conduct of the plaintiff evincing his intention not to have a sale of the property levied on. If this be true, as is held in *Weir* v. *Hale*, (3 *Watts & Serg.* 285), the first execution is postponed. The question is, whether the evidence contradicts the return so as to bring it within the principle ruled in *Mentz* v. *Hamman*. But in what respect does it falsify the return? The return is true, notwithstanding the private arrangement of the plaintiff and defendant, to which the sheriff was not privy. He is not answerable either to the first or second execution creditor, as in the first bill; for it is a matter *dehors* the return, resting between the parties, the legal effect of which is, as between them, to give the second execution creditor a right to the money. If the money was in the hands of the sheriff, he would be a stakeholder, and on notice would have the right to require an indemnity before he could pay over the money either on the first or second execution. But here the money is brought into court and an issue directed to try the right; and we think it competent to the court, notwithstanding the return, to investigate the facts and adjudge the money to the creditor legally entitled. Unless this · can be done, there is an acknowledged wrong without a remedy.

[Flick v. Troxsell.]

The parties to the suit are the respective creditors in the first and second execution; and although the sheriff's return is *primâ facie* evidence in favour of the first, yet the second is not estopped from showing the truth by matter collateral to the return, viz., that the first execution creditor postponed his right in favour of the second. And this can only be done by the introduction of parol testimony such as is contained in the second bill.

Judgment reversed, and a *venire de novo* awarded.