*Court of Common Pleas, Dauphin County, January 26th, 1863.*

THE COMMONWEALTH OF PENNSYLVANIA *v.* THE CATAWISSA, WILLIAMSPORT, AND ERIE RAILROAD COMPANY.

The sheriff's return on a summons that he served it on a certain person, the superintendent of a certain corporation, is conclusive as to the existence of the company and the official position of the person served, and the party will not be allowed to contradict it.

A general affidavit of defence will prevent the commonwealth from taking judgment for want of a sufficient affidavit, when the narr merely contained the common counts, and the balance due, as settled by the accounting department, was not declared on specially.

BY THE COURT.—The attorney-general, on behalf of the commonwealth, on July 7th, 1862, moved the court for judgment for want of a sufficient affidavit of defence.

On January 13th, 1863, Mr. Alricks, as counsel for defendant, moved to set aside the service of the summons on the affidavit filed. We will consider the last motion first. The summons to commence this action issued on the — day of ——, 1862, and was returned by the sheriff of Lycoming county, as follows: "April 2d, 1862. Served personally on H. S. Goodwin, superintendent of the Catawissa, Williamsport, and Erie Railroad Company, by leaving with him a true and attested copy of the within summons, and informing him of the contents. So answers Fred. Shole, sheriff." To this return there is an appearance by Mr. Alricks, *de bonis inquirendo*, for the special purpose of suggesting the dissolution of the Catawissa, Williamsport, and Erie Railroad, and H. S. Goodwin files an affidavit of defence on May 23d, 1862, in which he avers that he never was the agent of this company, but was superintendent of the Catawissa Railroad Company at the time the process was served on him. He further avers that the company sued was dissolved and ceased to exist, and by virtue of an act of Assembly passed 21st March, 1862, the Catawissa Railroad Company was created, and permitted to hold the property and franchises of the other company, which had been previously sold under a decree of the Supreme Court, and purchased by the persons composing the present company, which is in no wise responsible for the debts of the former corporation. There is a mistake in the date of the act as mentioned, which must be that of 21st March, 1860 (Pamphlet Laws, 234); but there is nothing that we can discover in the law dissolving the Catawissa, Williamsport, and Erie Railroad Company, and it remains responsible for its debts, the new company not being required to pay any except those of a special character named in the statute. The debt sued was, as appears by the narr, contracted in 1859, and the return of the sheriff is conclusive that H. S. Goodwin was superintendent of the Catawissa, Williamsport, and Erie Railroad Company at the time the process was

served on him.  In Kleckner *v.* Lehigh County (6 Wh. 66), it was held that, where the sheriff returned " served on A. and B., who *are said to be* county commissioners," the words "*said to be*" must be treated as surplusage, and A. and B. must be conclusively taken to be county commissioners, as the sheriff must, at his peril, ascertain that they are such before serving the writ, and, if in doubt, can demand an indemnity before making his return.  That it is conclusive of the facts returned, see Mentz *v.* Hamman, 5 Wh. 150; Zion Church *v.* St. Peter's Church, 5 W. & S. 215; Fleck *v.* Troxel, 7 W. & S. 65; Freeman *v.* Caldwell, 10 W. 9; 1 Penna. Prac. 688, 736.  One of these facts is, that Goodwin was the superintendent of the company named in the writ, and that the sheriff must ascertain before serving it; and if he cannot satisfy himself after reasonable diligence, should return that no officer or agent of the company can be found on whom to serve it. The return made is quite as conclusive as a *devastavit,* which never can be questioned except in an action against the sheriff for a false return.  This must be questioned in the same way; and that part of the return calling Goodwin the superintendent is just as conclusive that he was such at the time of the service, as it is that the officer served the writ.  The motion to set aside the return must be overruled.  If the claim as set forth in the narr was of the character supposed by the attorney-general in his argument, the affidavit would be entirely defective; but when we look to the declaration alone to ascertain the claim, it appears to be fully met. The affidavit, it is true, is very general; but the claim is equally so.  It is nowhere set forth what the indebtedness to the State is for, or how created; and no settlement by the accounting department is averred in such a way as to make it conclusive, or even *primâ facie* evidence of the amount.  It is a mere general averment that the defendant is indebted to the commonwealth in the sum of $1836; and in another place it is stated that it is indebted " in the further sum of $1836 on an account then and there approved by the accounting officers of the commonwealth, and in consideration thereof promised to pay," etc. ·

I have repeatedly decided that these printed narrs as filled up do not contain sufficient to estop the defendants from denying the conclusiveness or efficacy of the settlement.  It should, as we conceive, be shown, or at least averred, that the claim was one which the accounting officers were authorized to settle; that it was examined and adjusted by the auditor-general, entered on his books, and submitted to the State treasurer, and approved by him, together with the date of such settlement and approval; that at least thirty days' notice was given to the defendant, as required by law; and that the same remains in full force, and unappealed from.  Where a claim is thus set forth, it must be fully met by a proper affidavit of defence, showing such facts as would avail

[The Commonwealth of Pennsylvania *v.* Weiser & Son.]

the party, else the commonwealth will be entitled to judgment. This becomes more necessary since the law requiring a special affidavit, which should never be exacted, except where there is a special claim stated, or a copy filed, which the law, relative to State claims, does not contemplate. In like manner where the suit is brought for some demand never settled, its nature and character should be expressly set forth. The facts proved on a trial have often been found to amount to an estoppel, when there was nothing in the narr which could have that effect, as in the present case. For aught that appears, the claim of the State may have been, for a tax on the corporation's dividends, settled without notice, and none given afterwards; and as the company, it is averred, never made any dividends, it is fully met by the affidavit. The present form of declaration was adopted at a time when a general affidavit of defence was permitted; and if the one was loose and uncertain, the other could be equally so. But when the legislature requires exactness and precision in the affidavit, we should see that the claim is equally so, or at least sufficiently certain to give notice to the defendant, and not require any fact to be met which is not plainly averred. The motion for judgment for want of a sufficient affidavit of defence is refused.

*Meredith, for plaintiff.*

*Alricks, for defendant.*