tificates *of conformity to the bankrupt laws, or discharges under the insolvent acts of one state, when pleaded in bar of debts in another state.

The court said, they well recollected the circumstances dis-- closed in Nixon v. Young ; and unless it clearly appeared, that the courts of New York paid regard to discharges under our bankrupt and insolvent laws, they declared that on principles of reciprocity, they could not respect discharges under their laws. At the instance of the defendant's counsel, they gave further time to make inquiries as to this point.

The argument being resumed this term, and it being admitted, that by the practice of the courts in New York, no regard was paid to certificates of bankruptcy under the laws of Pennsylvania, the court discharged the rule, and directed that the defendant should give bail.


# J. L. Bujac, indorsee of Benjamin Morgan *against* Benjamin Morgan.

Service of a summons by leaving a copy with defendant's partner, with whom he has lived, before he went abroad on a trading concern, from whence he is daily expected to return, and has his children now living with him, is good.

SUMMONS case.   Sheriff returns summons served by leaving a copy with Chandler Price, the defendant's partner, at his last place of abode.   Rule to shew cause, why the service of the summons should not be set aside.

It was admitted by Mr. Todd for the plaintiff, and by Mr. M'Kean for the defendant, that the defendant carried on business in the city with his partner Price, lived with him until he went on a trading concern to the Natchez one year ago, from whence he is expected back daily, and that his children now actually live with him.

*Per cur.*   The defendant cannot be arrested, because not within the state ; he is not subject to a domestic attachment, because he has not absconded ; nor to a foreign attachment, because clearly he is an inhabitant of the state.  1 Dall. 153.   His home is within the city of Philadelphia.

The rule must be discharged.

Cited in 99 Pa. 289 and 11 W. N. C. 196 to show that it has long been the practice in this state for a defendant to move to set aside a sheriff's return, where he believes the writ to have been defectively served.