The opinion of the court was delivered by
Duncan, J.
The only proper question for revision in this court is, whether the entry of the attorney’s name de bene esse, was *85 a full appearance; if it was, then the judgment by default was erroneous. The others are matters of practice, proper for the ultimate decision of the court, in which the alleged irregularities are said to have arisen. I own, I thought it matter of strict practice for the plaintiff’s attorney, without any notice to defendant’s attorney, to enter an office judgment, within the first four days of the court; but as I now understand, that he offered below, and has repeated the offer here, to let the party into a trial on the mei'its, letting the judgment (without which he considers the debt as lost,) stand as a security for what might be found due, if any thing, to the defendant below, ,the plaintiff in error has not much reason to complain of this expedition. If it was an application to the discretion of the court, T think the proposition of the counsel for the defendant in error so fair, that I would hesitate before I vacated the judgment. This court can exercise no discretionary power; there is error on the record or there is not. The appearance de bene esse, is peculiar to the courts of this state, and has unvariably prevailed from a time to which the memory of man runneth not to the contrary. I have known the practice to prevail for more than forty years, and have seen such entries long before my time. It was borrowed from the filing a declaration de bene esse; that is, conditionally, until special bail is put in.A declaration de bene esse, must be delivered and filed before-the time for putting in bail is expired; if it is delivered after appearance,it is called delivering it in chief. The reason of filing it conditionally is this, that it is no waiver of bail; but demanding a plea- is,- because it is admitting the defendant to be in court. This declaration stands without more said, where the special bail is put in and re- - mains without exception. The declaration is generally endorsed thus : “ This declaration is filed conditionally, till special bail is entered,” or “common bail is filed-,” as the case may be. All our proceedings are short notes, memoranda, afterwards to be filled up. The appearance de bene esse, if filled-up at length, is an appearance, conditionally, if the summons or scire' facias be returned served ; if it is, then there is a- return with a full appearance; so much so, that on the writ thus returned,I would consider the party in court, appearing by his attorney, unless on or before the return, he entered a retraxit of his appearance. The court would hold the attorney to it; there should be no shuffling. The attorney, though there is an appearance de bene esse, may move to set a side the writ or service, for his appearance de bene esse, was, provided there was a good writ and good service. The time to plead must be a matter of practice, but where there is ’an appearance, I know not how a defendant can be defaulted without a rule to plead, and the judgment is-for want of a plea; but there can be no judgment for default of appearance, when the defendant has appeared to a summons or scire’ facias. According to the practice of our courts, the defendant might, by his appearance crave oyer and imparlance, when there' was no defence and stave off,the judgment for that court; and undetf *86 the statement act, this is provided for by law. This practice was regulated by rules of court, and I find by the 31st Rule of the Common Pleas, a rule which provides that the plaintiff is entitled to a rule to plead ; and if no plea be entered before or at the time of settling the continuance docket, the plaintiff may sign a judgment ; which, however, to prevent surprise, the defendant may take off, on filing an issuable plea, and giving the plaintiff’s attorney notice thereof within four days after judgment,- but not afterwards without notice and affidavit of defence, Whart. Big. 481.
It has been decided, that entering the name of an attorney, where there are two or more defendants, opposite the names of the defendants, is a good appearance for all, though one of the defendants is not summoned. Scott v. Israel, 2 Binn. 145. This proves first, that the entry of the name alone is an appearance ; and secondly, that it is an appearance even where the party is not sum«moned, and shows the propriety of entering the name with a bene esse. If the bare entry of a name by an attorney is an appearance, which will bind him to his injury, it would seem but reasonable that he should have the benefit of it; if he be in court for loss, he should be in court likewise for gain. At the time of entering this judgment there was no default in the defendant; and this was determined in Wingert and others v. Connell, 4 Sergt. & Rawle, 237, to be ground of reversal. On the other errors assigned, the court give no opinion, but reverse the judgment, for the reason, that the judgment was an office judgment, entered for default of appearance, when it appears that the defendant had entered his appearance, and had not been guilty of any default.
Judgment reversed.-
N. B. This case was afterwards settled by the parties.