[PHILADELPHIA, JANUARY 4, 1841.]

## KLECKNER *against* THE COUNTY OF LEHIGH.

IN ERROR.

1. In an action against a county, the sheriff returned that he had served the summons on A. and B. who " are said to be two of the commissioners of the county." *Held*, that the words " *said to be*," ought to be struck out of the return ; and that the return was to be read as if the service had been made on two of the commissioners.

2. Service of a writ of summons against a county upon two of the commissioners is good ; and it seems that service upon one would be sufficient.

3. Service of process upon a commissioner who has been elected, but who has not taken the oath of office, is good.

4. If the sheriff reads a writ of summons in the hearing of the defendant, it is sufficient without leaving a copy of the writ with him.

5. *Quere.* Whether a county or township is amenable to the jurisdiction of a Court of Common Pleas of another county?

.ERROR to the Court of Common Pleas of Northampton county, to

remove the record of an action brought in that court by Daniel Kleckner against the county of Lehigh.

The plaintiff, on the 19th day of September, 1840, sued out of the Court of Common Pleas of Northampton county, a writ of summons against the defendant, returnable the third Monday of November thereafter; on which day the writ was duly returned by the sheriff, thus endorsed:—"September 19, 1840, summoned Philip Person, personally, this day, by reading the within to him. November 3, 1840, summoned Timothy Weiss, by reading the within to him, and also handed him a copy of the same—the said Person and Weiss are said to be two of the Commissioners of Lehigh county. So answers Hiram Yard, sheriff."

On the 17th of November, 1840, upon the motion of Mr. Jones, as counsel for the defendant, and upon reading and filing the following affidavit of Timothy Weiss, to wit:—"Timothy Weiss being duly sworn according to law, deposes and says, that he was not on the 4th of November, 1840, a Commissioner of the county of Lehigh, not having sworn or subscribed an official oath required by law, nor having acted or officiated as County Commissioner," the court granted a rule on the plaintiff, to show cause why the service of the writ should not be set aside.

The argument upon this rule came on to be heard on the 26th of November, 1840, when the following depositions, in support of the motion, were read and heard by the court.

"Josiah Rhodes, being duly sworn, saith that he is Clerk of the Commissioners of Lehigh county, and has been such for more than three years last past. It is customary in Lehigh county to administer the oath of office to the Commissioners elect on the first Monday in November; and the board met on that day, but Mr. Weiss was not present; nor has he, as yet, taken the oath of office, nor in any way acted as County Commissioner. Rev. P. Weiss, of Bethlehem, an uncle to the said Timothy Weiss, was buried on the first Monday of November, which was said to have been the reason of the absence of Timothy Weiss at the meeting of the board of Commissioners on that day. The board then adjourned, and fixed the 30th of November instant, as the day on which Mr. Weiss should be qualified, and commence acting as Commissioner of Lehigh county. It was also understood by the board of Commissioners convened on the first Monday of November, that Jacob Derr, in whose place Mr. Weiss was elected, should continue to act as Commissioner until the 30th of November instant. All that deponent can say positively of his own knowledge, is, that there is no copy of the oath of office filed in the Commissioners' office; and that he has not acted as Commissioner to my knowledge. After I learned that the

(Kleckner *v.* The County of Lehigh.)

summons had been served upon Mr. Weiss, I told Mr. Person, one of the other Commissioners, that it was well he was not sworn in. On the 2d of November instant, the board of Commissioners adjourned till the 30th of November, at which time it was understood Mr. Weiss is to be sworn into office. Mr. Timothy Weiss has not acted as Commissioner of Lehigh county as yet, nor has he sworn or subscribed his official oath, to the best of my knowledge and belief. Had Mr. Weiss been sworn in, I must have known it, for I am the Commissioners' clerk."

" Charles S. Bush being duly sworn, saith that he is the clerk of the Court of Quarter Sessions of Lehigh county, and has been such for more than one year last past. That Timothy Weiss, the Commissioner elect of said county, has not filed in the deponent's office, nor has any one for him, filed the oath or affirmation prescribed by law, to be administered to the said Timothy, before entering upon the duties of his office as County Commissioner of said county."— Cross examined.—" Timothy Weiss was duly elected a Commissioner of Lehigh county, on the 2d Tuesday of October, 1840, in the place of Jacob Derr, whose term of office then expired."

The court, BANKS, (President) ordered the rule to be made absolute, and delivered the following opinion.

" This motion is made to set aside the service of the writ as not having been legal. The summons was served upon Mr. Person on the 19th of September, 1840. It is admitted that Mr. Person was, at the time of said service, one of the Commissioners of the county. It was served on the 3d of November, 1840, on Weiss, who had been elected one of the Commissioners of the county, but who had not taken the oath of office, nor entered upon the duties of his office. Was the service upon Weiss a legal service, and such as to bring the corporation into court? The law declares that every County Commissioner, before he enters upon his office, shall take an oath of office. The county now moves to set aside the service because Weiss was not sworn, and had not entered upon his office. Was he either a Commissioner *de jure* or *de facto?* If he was not, the county was not to be brought into court by a service on him. He was not *de jure* a Commissioner, for he had not conformed to the requirements of the law. He was not an officer *de facto*, for he had not acted at all. The acts of an officer *de facto* are valid as far as regards the public and strangers who have an interest in the acts done. In such case it is sufficient that the officer came into office under colour of right, and is in the actual discharge of its duties. Here Weiss was a Commissioner elect, but was not an officer either in law or fact. The law requires the oath of office as a prerequisite to his doing any act; and the county have a right to refuse to be bound, or in any way affected by the service of the

(Kleckner *v.* The County of Lehigh.)

writ upon him. This is the proper time to take advantage of this irregularity. I think the objection is a valid one, and that the service on Weiss must be set aside. Was the service upon one Commissioner a legal service ? The law provides that process against a county shall be served upon the *Commissioners* thereof. The words used in the law indicate a service as necessary upon more than one Commissioner. They would indeed comprehend all three Commissioners. I do not, however, hold a service upon all as essential to its validity. Two form a quorum, and may do all things which the law enjoins. The act of two binds the county. Therefore, a service upon two, in my opinion, would be sufficient. Two might conduct the defence. One Commissioner cannot do any act to bind the county. He could not give a bond or judgment that would have binding efficacy against the corporation. If one could not confess judgment, it would appear to follow, that a party could not obtain a valid judgment against the county, by a service upon one, when it was taken by default. Every judgment by default is taken as if by confession. It would, however, in all cases of a service upon one, be prudent on the part of the county, to move to have the service set aside. I think the words of the act of assembly require the service of a summons to be made on more than one Commissioner. The whole scope of authority is committed to *not less* than two in number. Indeed, one cannot bind the county either directly or indirectly in any thing. I do not think that a party can get any obligation against a county by anything that he may do with one Commissioner. I think this holds equally good as to the service of process as it does to direct negociation. It does not appear that Mr. Weiss did anything that was either dishonest or dishonourable in this matter. The Commissioners had met but once between the election and the time of the service. On that day a near relative of his was buried, and Mr. Weiss attended the funeral. Surely, neither law nor decency could cast censure upon this conduct. It was in accordance with his own feelings that he attended the funeral, and it was in accordance with the sense of propriety of the whole community that he should. There is nothing in the case that satisfies me that Mr. Weiss delayed taking the necessary qualification, with a view either to evade or make void the service of this process. There is nothing in his conduct that would subject him to penalty or the county to liability. The service was not sufficient to bring the county into court if it objected to it as irregular. That objection has been made, and in my opinion sustained. The service of the summons is therefore set aside."

The plaintiff took a writ of error upon the judgment.

Mr. *Porter* for the plaintiff in error, cited *Warder* v. *Tainter*, (4 *Watts*, 274.) *Blythe* v. *Richards*, (10 *Serg. & Rawle*, 266.) *Diller* v. *Roberts*, (13 *Serg. & Rawle*, 66.) *Riddle* v. *Bedford Co.*, (2

(Kleckner v. The County of Lehigh.)

*Serg. & Rawle,* 392.) *Keyser* v. *Commonwealth,* (2 *Rawle,* 139.) *The People* v. *Collins,* (7 *Johns. Rep.* 554.) *Fowler* v. *Beebe,* (9 *Mass. Rep.* 235.) *McInstry* v. *Tanner,* (9 *Johns. Rep.* 135.) *Commonwealth* v. *Fowler,* (10 *Mass. Rep.* 301.) *Bucknam* v. *Ruggles,* (15 *Mass. Rep.* 181.)

Mr. *Jones* and Mr. *Gibons* for the defendant in error, referred to the acts of the 15th of April, 1834, and the 13th of June, 1836; and argued that the service of the writ ought to have been made on all three of the commissioners; and at all events that Weiss was not a Commissioner at the time the process was served.

The opinion of the court was delivered by,

ROGERS, J.—The legality of the service of the writ, as it appears in the sheriff's return, is not noticed in the opinion of the court, although it is the point mainly relied on in the argument here. Strike out the words " *said to be* " from the return, and the service is absolute and positive on two Commissioners; and in that case the court cannot discharge the county on motion, but will leave them to their remedy by action against the sheriff; or possibly relief may be had by a plea that they, or one of them, was not the qualified Commissioner of the county at the time the writ was served. In *Mentz* v. *Hamman,* (5 *Wharton,* 150,) words of similar import were striken out as surplusage, and the return held to be conclusive so as to preclude evidence to contradict or explain it. It cannot be endured that a sheriff can shield himself from responsibility by the use of words of an indefinite character, such as "said to be," or "as he understands," or "as he has been informed." The sheriff cannot complain of this, as in a proper case he can claim an indemnity so as to protect himself from any loss that may arise in the discharge of his official duty. As the return must be considered absolute and conclusive between the parties to the action, the court erred in setting aside the service of the writ by the introduction of extraneous proofs. This view of the case would answer the purpose of the plaintiff in error, but some points have been raised which are important in practice, and which I shall briefly notice.

It is said the return is defective, because the sheriff omitted to leave a copy with one of the Commissioners. There is nothing in this objection. A writ of summons may be executed by reading it in the hearing of the defendant, as was done here. A copy is required to be left with him only, when, instead of reading it to him, he gives him notice of the contents, or where the defendant cannot be conveniently found. The disjunctive conjunction, *or,* plainly shows that this is the true reading of the act.

The act of the 15th of April, 1834, which gives to counties and townships the capacity of bodies politic, directs, that in all suits against them, process shall be served upon, and defence made by

(Kleckner *v.* The County of Lehigh.)

the Commissioners and supervisors. Although the plural Commissioners is used in the act, yet it would not be too liberal a construction to hold, that a service on one is good, *reddendo singula singulis,* and in analogy to the practice as to executors and trustees, where service on one is good as to all. It is not without precedent that the same words in an act have received different constructions when applied to a different subject-matter. It is difficult to perceive any very good reason why the legislature should require the service of process on more than one, where the only object is to bring the county into court. But be this as it may, yet the service on two is good, and is so held by the Court of Common Pleas, although, be it remarked, as much against the letter of the act as the service on one, because, as they justly say, it is within the scope of legislative intention. We are also of the opinion that the service of process on a Commissioner who has been elected, but not sworn, is sufficient; and that such a service cannot be defeated by a delay to take the oath directed by the constitution. The acceptance of the office is presumed. He is commissioner, whether *de facto* or *de jure* is immaterial, from the time of the election; unlike some other cases which might be named, where the incumbent holds over until his successor is duly elected and qualified. So far as the officer himself is personally concerned, the oath is required; but it is not so as to third persons, who may not be cognizant of the fact that he has omitted to do what the law directs. And this is the reason of the distinction taken in all the cases cited. The legal presumption is strengthened by the fact, that, since the action of the court, the commissioner has been duly sworn, and has entered on the duties of his office; and this may be regarded as a practical illustration of the propriety of this construction of the act.

We intimate no opinion whether a county or township is amenable to the jurisdiction of courts held in other counties.

> Judgment reversed, and the cause remanded for further proceedings.