## · WINROW v. RAYMOND:

The court will set aside the sheriff's return of service to a summons if defective.

*Jan.* 30.   *Griscom* moved to set aside the sheriff's return of ser·vice of a summons, which was in the following form: "Served, by leaving a true and attested copy of the within writ at the counting-house of defendant, with his agent or clerk." He said, the practice was uniform in the District Court to interfere when the face of the return showed a defective service; and cited 2 Miles, 42, 164; 3 Yeates, 258; 6 Whart. 66.

No one appeared for the plaintiff.

*Feb.* 15.   ROGERS, J.—The practice in this state, commencing at an early period, is on motion to the court, at the instance of the defendant, to set aside a sheriff's return when the writ is defectively served.   Bujac, endorsee, *v.* Morgan, 3 Yeates, 258, is an instance of this kind; and see Kleckner *v.* The county of Lehigh, 6 Whart. 66, where the same course was pursued without objection.   It may in some cases be necessary, for the security of the defendant, who cannot be brought into court except in the manner pointed out by law, &c.   The practice is to enter an appearance *de bene esse*, and ask the judgment of the court as to the legality of the service.   Blair *v.* Weaver, 11 Serg. & Rawle, 84.   But this does not extend further than to set aside the sheriff's return.   The writ remains good, and the plaintiff may either discontinue his suit, at his election, rule the sheriff to make a good return, and issue an *alias*, or sue the sheriff for a false or insufficient return.   But the court will not set aside the writ on motion, for this may do great wrong to the plaintiff, who may in that event be barred by the act of limitations.   It remains to inquire into the legality of the service.   A writ of summons (see sec. 2, act of the 13th of June, 1836) is executed by reading the same in the hearing of the defendant, by giving him notice of its contents, or by a true and attested copy; or if the defendant cannot be conveniently found, by leaving a copy at his dwelling-house in the presence of one or more of the adult members of his family; or if the defendant resides in the family of another, with one of the adult members of the family with which he resides.   The act which prescribes the rule, be it observed, nowhere provides for the service of a summons, by leaving a copy of the writ at the counting-house of the defendant; the mode, as appears by the sheriff's return, this service was made.   It was therefore an illegal service, and the sheriff's return must be set aside.       Sheriff's return set aside.