## Bolard and Snyder *versus* Mason.

1. An appearance *d. b. e.* is conditional, if the writ be returned "served;" if so returned it is a full appearance unless there be a *retraxit* before return.

2. Appearance *d. b. e.* is to save being defaulted on an irregular or informal process.

3. Where such objections do not exist, the plaintiff may demand a plea and enforce judgment for want of it, or in ejectment, enter a plea and proceed to trial.

4. In ejectment an appearance was entered *d. b. e.*, the attorney refused to enter a general appearance alleging the service to be irregular, the court held the service good, and defaulted the defendant for want of an appearance. *Held* to be error.

5. Judgment by default in ejectment cannot be entered without an affidavit of the sheriff, setting forth the manner of service under Act of April 13th 1807, § 2.

6. A return in the name of the deputy sheriff is improper.

7. Such return is insufficient to bring defendants into court so as to authorize a judgment by default.

8. Such return may be amended by the sheriff if in office.

9. Whether a defendant in ejectment can be defaulted after the second term, for want of appearance, not decided.

October 17th 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Crawford county:* No. 61, to October and November Term 1868.

On the 18th of November 1857, an ejectment for 43 acres of land was commenced by A. A. Mason against David Bolard and Margaret Snyder. The writ was endorsed,—

[Bolard v. Mason.]

" I authorize and depute S. Landon to execute the within writ, as witness my hand and seal.

December 28th 1857.        W. A. HURST, Sh'ff. [L. S.]

December 29th 1857, served personally and by copy on David Bolard and Margaret Snyder.   So answers

S. P. LANDON, Dep'y. Sh'ff.

Sworn and subscribed before
    me January 7th 1858.
        H. B. BEATTY, Proth'y."

The case was put on the trial-list at January Term 1868, and continued until February Term of the same year. On the 10th of February, J. B. Brawley, Esq., appeared *de bene esse* for defendant, and moved to set aside the service for irregularity. The motion was refused, and February 11th, defendants refusing to enter a general appearance, on motion, judgment for plaintiff for want of appearance. On the 22d of February, the defendants moved to set aside the judgment, because the writ was not served as required by law. Same day the motion was refused.

The defendants took out a writ of error, and assigned for error:—

1. Refusing to set aside the service of the writ.
2. Entering judgment by default for want of an appearance.
3. Refusing to set aside the judgment.

*J. B. Brawley*, for plaintiffs in error.—" S. Landon" and " S. P. Landon" are not presumed to be the same person: Nash *v.* Calan, 5 Manning, Gr. & S. 177; Kinnersley *v.* Knott, 7 Id. 979; Miller *v.* Hay, 3 Exch. 14; Wood *v.* Reynolds, 7 W. & S. 406. The return of the deputy in his own name was insufficient: Stat. 12, Edw. II. ch. v.; Roberts's Dig. 399; Beale *v.* Comm'th., 7 Watts 183; Dewar *v.* Spence, 2 Whart. 219; Emly *v.* Drum, 12 Casey 123. The service " personally and by copy" was wrong: Act of June 13th 1836, §§ 2, 86, Pamph L. 572, 587, Purd. p. 30, pl. 3; p. 39, pl. 8; Winrow *v.* Raymond, 4 Barr 501; Weaver *v.* Spinger, 2 Miles 42; Bank *v.* Perdnarles, Bright. 67; Act of April 13th 1807, § 2, 4 Sm. L. 476, Purd. 365, pl. 5. Entering judgment for want of an appearance more than 10 years after suit brought is irregular: Acts of March 21st 1806, § 12, 4 Sm. L. L. 332, Purd. 366, pl. 10; December 5th 1860, § 1, Pamph. L. 844, Purd. 367, pl. 17; Traer *v.* Bowman, 3 Penna. R. 70. There being an appearance *d. b. e.*, judgment could not be entered for want of an appearance: Blair *v.* Weaver, 11 S. & R. 84; Michew *v.* McCoy, 8 W. & S. 501.

*S. N. Pettis*, for defendant in error.

[Bolard v. Mason.]

The opinion of the court was delivered, January 3d 1871, by

THOMPSON, C. J.—On the 11th of January 1868, the above entitled case being down for trial, having been brought November 1858, judgment by default was entered against the defendants for a refusal to enter a general appearance to the action, an appearance _de bene esse_ by counsel standing on the record at the time. Conceiving the service and return of the writ in the case to be insufficient, as well as for other reasons, the counsel refused to appear generally, and hence the judgment against their clients by default. They were certainly not bound to appear, if right in regard to the service and return of the writ. "An appearance _de bene esse_," said Duncan, J., "in Blair _v._ Weaver, 11 S. & R. 87, "if filled up at length, is an appearance conditionally, viz.: if the summons or scire facias be returned served; if it is, then there is a return with a full appearance, so much so, that on the writ thus returned I would consider the party in court, appearing by his attorney, unless on or before the return he entered a _retraxit_ of his appearance:" 2 Tr. & Haley by Fish, 70. Such an appearance is peculiar to Pennsylvania practice. It is not found in the English practice. Its object is to save being defaulted on irregular and informal process. But where objections of this kind do not exist, the plaintiff might demand a plea and enforce judgment for want of it, or in ejectment enter a plea under the Act of Assembly and proceed with the trial. But although the court below held the service and return in the case in hand sufficient, in which case, according to the authorities, the appearance _de bene esse_ became unconditional, yet the defendants were defaulted for want of appearance. This was error on the court's own theory, measured by the authority referred to. Even if the court had not been in error in holding that there was no appearance, and that the defendants were subject to be defaulted as the record stood, yet this could not be legally done without the affidavit of the sheriff or his deputy, setting forth the manner of service of the writ according to section 2 of the Act of 13th April 1807. No such affidavit appears to have been made. There are, therefore, errors in this also.

Without determining whether the form of the return "served personally and by copy" was, or was not, sufficient, we are of opinion that it was improperly made in the name of the deputy, merely styling himself deputy sheriff. The English, as also our own authorities, conclusively show, that under the Stat. of 12 Ed. 2, ch. 5, the return of all writs directed to the sheriff must be made in his name by whomsoever served: Wat. on Sheriff's Marg., paging 67—68; Dewar _v._ Spence, 2 Wh. 220; Emly _v._ Drum, 12 Casey 123. The return here is "served personally and by copy, so answers S. P. Landon, deputy-sheriff." This was a

[Bolard *v.* Mason.]

clear disregard of the rule of the statute; the return was therefore bad and insufficient to bring the defendants into court, so as to authorize a judgment by default against them. We make no account of the omission of a middle initial from the deputy's name by the sheriff, when deputizing him. It is most likely he was but a special deputy for the occasion. However that may be, the presumption will stand until overturned by proof, that the writ was served by the person authorized, when the christian and surname agree, with the exception of a middle initial. It is not intended to say that the irregular return of the deputy might not have been amended by the sheriff if in office. No doubt it could have been. Whether it might yet be amended we do not say.

While we treat the return of service as we have done, we do not say the writ was void. It is not. It is a good writ, but unexecuted as it stands. Nor do we conceive it necessary to deal with the question raised in argument, that a defendant in ejectment cannot be defaulted for want of appearance after the second term. There are *dicta* both ways, and I have no doubt the practice has been, to some extent, both ways. This question is therefore reserved. But for the reasons given,

This judgment is reversed.