*Twenty-sixth Judicial District.*

In the Common Pleas of Wyoming County.

JOS. E. FRENCH *v.* PENNA. & N. Y. CANAL & R. R. CO.

1. A return by a constable of service of a summons upon an *agent* of a railroad company will be held conclusive that the person served, was such an agent as the law allows service to be made upon.

2. Indefinite expressions in a return, such as "*said to be*" or "*who acknowledged himself to be*" are regarded as surplusage, and the return is to be taken as an unqualified assertion that the party served is agent.

3. Service of a summons by reading the contents thereof personally to the party to be served, is a substantial compliance with the requirements of the statute.

4. When a certiorari is not issued within twenty days from the rendition of judgment, the proceedings will be affirmed, unless it appears by the record that the justice has not jurisdiction either of the subject matter or the parties. Even in such a case, the certiorari must be issued within twenty days after notice to the defendant of the suit or judgment.

5. A justice of the peace is not required to state the evidence upon his docket. He is required only to state the demand of the plaintiff and the kind of evidence.

6. It is not a ground of reversal, that on a judgment by default the justice has not stated upon the record that it was given publicly.

Certiorari to Justice Allen.

Opinion delivered February 21, 1873, by

ELWELL, P. J. This writ having been issued more than twenty days after the rendition of the judgment by the justice, the proceedings must be affirmed, unless it appears by the record that he had not jurisdiction both of the subject matter and the parties.

When the summons is not legally served and the defendant does not appear, the justice has not jurisdiction of the party.　Offerman *v.* Downey, 2 Wh. Dig. 134 pl. 278, 7 Harris 498.　But in such case the certiorari must be issued within twenty days after notice to the defendant of the suit or judgment.　Dailey *v.* Bartholomew, 1 Ash. 135; Steadman *v.* Bradford, 3 Phila. 258.

It is objected by the counsel for the defendant that the record is defective, because the justice has not set out the nature of the evidence produced in support of the plaintiff's claim.　The claim as stated on the transcript is "for work and services, ninety-five dollars, and interest five dollars."　This is quite as specific as the common counts in a declaration in assumpsit.　There is surely no good reason for holding justices of the peace to a greater strictness than is required in court.　It has been the uniform construction of the act of 1810 that no more is required than that the demand be stated and the kind of evidence produced to support.　Jones *v.* Evans, Browns 209.

Since the act of 1869 parties may be witnesses. When, therefore, the record shows that the plaintiff's claim was for work and services, and that the plaintiff was sworn, it is implied that he gave oral evidence in support of his demand.　What that evidence was, the statute does not require to be stated.

It would be well in all cases of judgment by default, that the magistrate enter upon his record that it was given publicly; but his omission to do so is not a ground for reversal if the proceedings are otherwise regular.　Daly *v.* Norton, 6 Phila. 310.

The two grounds of error above noticed do not go to the question of jurisdiction, but I have nevertheless considered them, and hold that they are not sustained.

The defendant excepts to the jurisdiction of the justice, because the costs and judgment exceed one hundred dollars.　Costs are a mere incident of the judgment.　They form no part of the plaintiff's demand, and are not to be considered in determining the question of jurisdiction.

There are six other exceptions, but as they all relate to the manner of serving the summons, and whether, as served, the justice thereby obtained jurisdiction over the defendant, they may be considered together.

The defendant is a railroad company, subject, by the terms of the act of incorporation, to the provisions of the general railroad law of 1849. By the 85th section of that act, it is provided, that "in *all* suits or actions against such company, the service of process on the president, secretary, treasurer, engineer, agent or any director of the same, shall be good and available in law."

The service of the summons in this case as stated in the return of the

constable, was as follows: "Served the within on Hulbert Sturdevant, who acknowledged himself to be an agent of the company, or defendant within named, personally by reading to him the contents thereof, at Skinner's Eddy, the 9th day of October, 1872."

One mode of service of a summons authorized by the act of 1810, is by producing the original summons to the defendant, and informing him of the contents thereof. When this mode of service is adopted, it must appear by the return that there was a substantial compliance with the requirements of the law.

The clear and unequivocal import of what the constable says in his return is that he read to the agent, he being personally present, the contents of the summons, and that he read those contents from the summons. This was surely informing the party served fully of the contents. He could not read the summons itself without producing it, and as it was read to the agent personally, it must have been produced to him.

Was this a service upon the defendant? If the words of the return " who acknowledged himself to be " are to stand as part of the return, there is nothing upon the record to inform us whether he was what he claimed to be or not. If they are stricken out as surplusage, the return will be positive and explicit that he was an agent. In Kleckner *v*. The county of Lehigh, 6 Wh. 66, the sheriff returned that he had served the summons on two persons whom he named, "said to be commissioners of the county." It was held that this was an an absolute and conclusive return, binding upon the county, and that extrinsic evidence tending to show that one of the persons served was not a commissioner, was not admissible. In the opinion of the court it was said by Rogers, J. that the sheriff could not shield himself from responsibility by the use of words of an indefinite character such as "said to be," or "as he understands," or " as he has been informed."

In Mentz *v*. Harman, 5 Wh. 154, where the sheriff returned to an execution that it had been stayed by plaintiff's attorney " as I understood from J. K. Heckman," it was held that these words should be treated as surplusage, and the return as if it had stated that it was stayed by the plaintiff's attorney.

If, in this case, the constable had returned that Mr. Sturdevant was freight and ticket agent of the defendant, we might, as was done in Parke, *v*. Insurance Co., 8 Wright 422, determine whether he was such an agent as the law contemplates, when it authorizes the service of a summons.

But it must now be considered as the settled law of this state, that when the law allows a service to be made upon an agent, and the sheriff or a constable to whom a writ is directed makes return of service upon an agent of the defendant without specifying the character of his agency,

the return is to be taken as true, and no parol evidence can be received to contradict it. By returning that the person served is an agent, the officer assumes that he is such an agent as contemplated by the act. Patton v. Insurance Co, 1 Phila. 396; 1 Pitts., R. 271; 6 Wh. 66 cited above; Kennard v. Railroad, 1 Phila. 39.

If the return of the constable is true, the defendant has no cause of complaint; if false, the remedy is by action for a false return. We have no right to act upon any evidence but that contained in the record on this subject. The judgment must, therefore, be considered as regular. But if it were not, the testimony of Mr. Goodman shows that the agent informed the assistant superintendent of the suit; the exact time when information was not given; the non-production of the letter giving the information, or of Mr. Sturdevant, as to the time when given, is some evidence that it was before the expiration of the twenty days. It is quite possible that injustice has been done the defendant, but well established rules of law are in the way of any redress by this mode of proceeding.

Judgment affirmed.

*R. R. Little*, Esq., for plaintiff; *H. B. McKean*, Esq., and *F. Ansarp, Jr.*, for defendant.