*Twenty-first Judicial District.*

## In the Court of Common Pleas of Schuylkill County.

### JOSEPH SAUSER *v.* WINFIELD WERNTZ *et al.*

1. A sheriff's return to a judicial process is conclusive evidence as to parties, and *prima facie* as to strangers.

2. That article in the constitution which provides that no person shall be deprived of his life, liberty, or property, unless by the judgment of his peers or the law of the land, implies the right to notice, to appear and answer, and to a remedy.

3. When a summons states an incorrect day for the hearing before a justice of the peace, and judgment is rendered by default of appearance, it will be reversed on certiorari. So, also, a judgment obtained through trick or fraud.

4. When judgment is rendered against the defendant by default, the record must show a service on oath or affirmation. The record must also show that some evidence was heard by the justice.

5. Errors not excepted to will generally not be noticed, but the court reserve the right to notice them, when justice requires it.

Certiorari.

Opinion delivered by

WALKER, J. On the 9th September, 1872, summons was issued by Justice Filbert, at the suit of the plaintiff, against the defendants. The copy served on Werntz, one of the defendants, and in the hand writing of the justice himself, fixed the hearing on the 16th September, 1872. The record and the original summons show the hearing was held on the 14th of September, two days before the time mentioned in the notice to Werntz. On 14th September, judgment was rendered by default against the defendants for $60.15. The record does not set forth that any evidence was heard by the justice, and the return of the constable is not upon oath or affirmation. The record and all proceedings are here on certiorari. These are the facts, briefly stated. The exceptions are, in substance, that the judgment was rendered against the defendants two days before the time fixed in the summons. This fact is established *aliunde* by the notice and by the depositions. The plaintiff contends that the return of the constable cannot be controverted by parol testimony, and must be received as conclusive of the facts therein contained.

It is established by abundant authority that the return of the sheriff to a judicial process is regarded as true and cannot be controverted. Wilson *v.* Hunt, Peter C. C. 441 ; Lowry *v.* Coulter, 9 Barr 349. Such a return is conclusive against the parties and process in the case in which it is made. Paxson's Appeal, 13 Wr. 199 ; Hill *v.* Grant, 13 Wr. 202. Per Thompson, J. Freeman *v.* Caldwell, 10 Watts 11. Per Gibson, C. J. And it cannot be controverted by either party in the action in which it is made. If the defendant is injured, his remedy is against the sheriff. Dillon *v.* Roberts, 13 S. & R., 64. Per Tilghman, C. J. Blythe *et al. v.* Richards, 10 S. & R., 261 ; Kleckner *v.* The County of Lehigh, 6 Whar. 66. And it is evidence in an action against the sheriff, otherwise he might

be screened from responsibility. Werntz *v.* Hamman, 5 Wharton 151. And it is conclusive on himself. Paxton *v.* Sleckel, 2 Barr 93. So a party to the record may make an averment consistent with the return but not at variance with it. Knowles *v.* Lord, 4 Wharton 504.

But a stranger may controvert it. A claimant of goods in a feigned issue may falsify the sheriff's return. It is only *prima facie* evidence as to him, subjected to be rebutted. Wood *v.* Vanarsdale, 3 Rawle 401 ; Duncan's Appeal, 1 Wright 500 ; Cary *v.* Bright, 8 P. F. S. 70 ; Lowry *v.* Coulter, 9 Barr 353 ; Schuylkill Co. Appeal, 6 Casey 358 ; Sheeres *v.* Lantzuheezer, 6 Watts 550. The principles are well settled, and as the defendants make these exceptions and are parties to the record, their cause would appear to be concluded by them.

But there is another principle of law that is of paramount importance (and in our opinion rules this point), and that is the constitutional provisions of the federal and state, which the verities of records, the presumptions of the truth of offered returns, and even acts of legislature cannot overcome or destroy.

The provision in the fifth article of the amendments to the constitution of the United States, " that no person shall be deprived of life, liberty, or property without due process of law," and the equivalent provision in the constitution of Pennsylvania, " that no one shall be deprived of his life, liberty, or property, unless by the judgment of his peers or the law of the land," *implies the right to notice* to appear and answer, and to a remedy. Ervine's Appeal, 4 Harris 257 ; Maury's Lessee *v.* Hoboken, 18 How. 267. Per Curtis, J. "*Judgment of his peers,*" is a term or expression borrowed from *magna charta,* and means *per pais,* or by the country, which is a trial by jury. 3 Story on Constitution 1773. And the words "*or the law of the land,*" means due process of law in the bill of rights and the constitution of the United States, or *judgment of law in the regular course* of administration. Kent's Com., §24, p. 13, 2 Just. 47-50 ; Fitter *v.* Welt, *et al.,* 10 Wright 460 ; Sedgwick on Statutes and Com. Law, ed. 1857, 610 ; Taylor *v.* Porter, 4 Hill 146 ; Hake *v.* Henderson, 4 Dev., nc. 15 ; Van Zandt *v.* Waddell, 2 Yeager 260 ; State *v.* Cooper, 2 Yeager, 599 ; Jones *v.* Ferry, 10 Yeager 59 ; Green *v.* Briggs, 1 Curtis 311. It does not mean merely an act of the legislature, for that would abrogate all restriction on legislative power. Craig *v.* Kline, 2 Kent, 13, 15, P. F. S. 413. Per Agnew, J. The design of the convention was to exclude absolute power from every branch of the government. Horman *v.* Heist, 5 W. & S. 173. Per Gibson, C. J.

When a man has a judgment rendered against him without notice of a hearing, he is certainly not in court, and all the proceedings of the justice are "*coram non judici.*" The inflexible panoply of the constitution protects those sacred and most cherished rights. If he has no remedy by certiorari or appeal, manifest injustice must result. No civil right, whether of liberty or property can be sacrificed by an edict of the court, *without a hearing.* Batdorf *v.* Focht, 8 Wr. 196. When there is no legal

service upon the defendant he is not in court, and all the proceedings are void. Offerman *v.* Downey, C. P. Phila., Wharton's Dig., vol. 2, p. 134, sec. 278 ; Fisher *v.* Longnecker, 8 Barr 410. Where the summons did not state any day of appearance, the judgment was reversed. Addison 272. And this is strictly true, although the record shows a service through trick, fraud, or mistake, and a service of a summons without giving the correct day of hearing, is irregular and void. Chief Justice Black in Locock *v.* White, 7 Harris 498, says, " But a judgment may be given against a party without a service of a summons and without notice of any kind, until the time of appeal is past." " Such a judgment would be reversed on certiorari." " So a judgment obtained by trick or fraud ought to be reversed if the certiorari be taken within a reasonable time after it is discovered."

But it is said that in proceedings upon a certiorari, the court will examine the record only, and parol proof is inadmissible. This is the general rule. Coventry *v.* Cumming, 2, D. 114 ; Troubat & Haly, vol. 1, part 2, 715. But there are exceptions to it, and to prevent injustice, the court will hear parol evidence. Jones *v.* Evans, 1 Browne, 209 ; Worstall *v.* Meadowcraft, C. P. Phila. ; Dumber *v.* Jones, 1 Ashmead 215 ; Burginhofen *v.* Martin, 3 Yeates 479 ; Fisher *v.* Bailey, 1 Ashmead 209 : Collins *v.* Collins, 1 Wright 387 ; Locock *v.* White, 7 Harris, 498. And this proof is absolutely necessary to administer justice in equity, even though Chief Justice Gibson in Freeman *v.* Caldwell, 10 Watts 13, turns the bent of the professional mind towards the reception of oral testimony in preference to the record, as among the worst symptoms of a "*judicial epidemic.*"

But, while parol evidence is not admissible upon the merits of the case, it is heard to show what occurred before the justice or alderman. Buckmyer *v.* Dubs, 5 Binney 29 ; Fisher *v.* Nyce, 10 P. F. S. 107. Per Sharswood, J. Under these authorities, the court should reverse the judgment of the justice. But there are other defects equally fatal. The record shows that the judgment was given by default, and the officer in charge of the writ, made no return of service upon the defendants by oath or affirmation. This is absolutely necessary when judgment is given by default under the 6th section of the act of the 20th March, 1810 (Purdon's Dig. vol. 1, p. 852, pl. 51) ; Fitzgibbon *v.* Essen, C. C. Phila., 10 March, 1848. Due proof of service is essential to confer jurisdiction. Benedict *v.* Hickok, 3 Sug. Legal Obs. 80. The record should also show affirmatively before the rendition of the judgment, that the justice first heard the evidence of the plaintiff, for he can only give judgment after hearing the parties, their proofs and allegations. (3d sect. act 1810, Purd. Dig., 853, pl. 52) ; Lenore *v.* Ingram, 1 Phila. 519 ; McCowen *v.* Ward. 2 Phila. 251 ; McCale *v.* Kulp, 28 Leg. Int. 260.

These two defects in the record have not been excepted to by the defendants. Generally speaking, matters not excepted to, will not be noticed, but the court reserve to itself the right to notice substantial errors, where justice demands it. Galbraith *v.* Green, 13 S. & R. 95 ; Troubat & Haly, vol. 1, part 2, 713 ; Comth. *v.* Crine, 2 Parsons 265.

While it is true that the defendants may have their remedy against the officer making the false return (after payment of the money), yet the redress for such cases should not be through expensive and tedious litigation, amounting to delay and almost to a denial of justice, but where it can consistently be done, justice should be promptly, simply, and cheaply administered.    Shannon *v.* Madden, 1 Phila., 254.

The judgment of the justice is therefore reversed.

*William R. Smith,* Esq., for plaintiff; *J. Wright,* Esq., for defendants.