# Fillman's Appeal.

1. No special authorization from the court of original jurisdiction is required to warrant the service of a subpœna in divorce by the sheriff of another county than that in which the divorce proceedings have been instituted.

2. Where such sheriff returns such subpœna, together with an affidavit, setting out the fact of such service and the manner thereof, this constitutes a sufficient compliance with the terms of the Act of March 13th 1815, 6 Sm. L. 287.

January 4th 1882.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

CERTIORARI to the Court of Common Pleas No. 3, of *Philadelphia county :* Of January Term 1882, No. 20.

Appeal by Elizabeth Fillman from an order of said court, setting aside the service of a subpœna in divorce.

### [Fillman's Appeal.]

Elizabeth Fillman, a resident of Philadelphia, by her next friend John F. Mackie, filed a libel in divorce, a. v. m., against her husband Jacob Fillman, who resided in Montgomery county. A subpœna in divorce issued and was served on the respondent by the sheriff of Montgomery ounty, who indorsed the following return and affidavit:

"Served Jacob Fillman, the within named respondent, by giving him, April 30th 1881, a true and attested copy of the within writ, and making known unto him the contents thereof.

"Joseph Frankenfield, being duly affirmed, according to law, deposes and says, that he served the within subpœna in manner and form set forth in the above return.

　　　　　　　　　　"Joseph Frankenfield, Sheriff.

"Affirmed and subscribed," &c.

The respondent thereupon obtained a rule to show cause why the service of the subpœna should not be set aside, which rule the court made absolute, Ludlow, P. J., saying:

"The practice has been, ever since the time of Judge King, to get an order from the court of original jurisdiction before the service can be made by the sheriff of another county.

"Rule absolute."

The libellant thereupon took this writ of certiorari, assigning for error the setting aside the service of the subpœna in divorce.

*Edward R. Worrell,* for the appellant.—The county of Philadelphia, being the place of residence of the libellant, was the only place where the suit could be brought, as the Act of Assembly provides that the subpœna must issue from the Court of Common Pleas of the county where the injured party resides: Section 2, Act 13th March 1815, Purd. Dig. 510, pl. 12. This act provides the manner of service of a subpœna in divorce, and there is nothing in it which says either expressly or by inference that the service must be by the sheriff; on the contrary, the writ is directed to the respondent, and all that is required is that the respondent shall be served peronally, *wherever found,* within the State of Pennsylvania, and can be so served by anyone competent to make proof of service If the Act had contemplated a service by the sheriff *only,* there would have been no provision for the affidavit of proof, as the return of the writ on his official oath, as with other process, would have been sufficient. The writ was served by the sheriff of Montgomery county, because, although not required, service by the sheriff is always the best service, and the sheriff of Montgomery county was the only one who could serve the writ in that county as

sheriff: Keen *v.* Keen, 2 W. N. C. 492. The courts of Philadelphia county have no jurisdiction over the sheriff of Montgomery county, and could not grant a rule on him to leave his bailiwick and appear and show cause why he should not be ordered to serve the writ. The courts of Philadelphia county have no authoriey to *order* the sheriff of this county to deputize the sheriff of another county to serve its process. If any such practice has prevailed, it is a vicious one and should be abolished: Ralston's Appeal, 8 W. N. C. 393.

Personal service by any one, accompanied by the proper affidavit, is all that the statute requires: Harvey *v.* Harvey, 2 W. N. C. 225; Keen *v.* Keen, 2 W. N. C. 492.; Rule of Court, XVI. § 52, Court Rules.

(No counsel appeared for the appellee, and no paper book was presented.)

Mr. Justice PAXSON delivered the opinion of the court, January 16th 1882.

The service of the subpœna in this case appears to have been in strict conformity to the Act of Assembly. The libellant was domiciled in the county of Philadelphia and the proceeding for divorce was commenced there. The respondent resided in Montgomery county, and the subpœna was served by the sheriff of that county, who made the following return: "Served Jacob Fillman, the within named respondent, by giving him April 30th 1881, a true and attested copy of the within writ, and making known unto him the contents thereof." Upon application to the court below the service was set aside, the learned judge saying: "The practice has been, ever since the time of Judge KING, to get an order from the court of original jurisdiction before the service can be made by the sheriff of another county."

This practice appears to be peculiar to the county of Philadelphia; at least the contrary prevails in many other counties. This is the first time, so far as I have been able to ascertain, that the question of its validity has been before this court. Undoubtedly a service in accordance therewith would be good. But is a previous order from the court of original jurisdiction essential? If it is, many divorce proceedings throughout the State where the respondent has not appeared may be invalid.

The Act of March 13th 1815, Purdon 510, pl. 12, 6 Smith's Laws 287, prescribes the mode of serving a subpœna in divorce. It requires, that it shall be served personally on the said party, wherever found, or that a copy shall be given to him or her fifteen days before the return of the same. There is nothing in the Act, either by its express terms or by necessary implica-

[Righter v. Philadelphia Warehouse Co.]

tion, which requires a service by the sheriff. The subpœna is not directed to him, but to the respondent; and it may be served by any one. A service by the sheriff is the better service, and this course is usually followed. In such case the return is more likely to be accurate. In either case due proof is required to be made of the service. Here the sheriff made an affidavit of the manner of service, which is the "due proof" referred to in the act. The said act does not require a special authorization from the court of original jurisdiction, nor has any reason been shown why such order should be obtained.

It has long been the practice in this state for a defendant to move to set aside a sheriff's return, where he believes the writ to have been defectively served: Bujac v. Morgan, 3 Yeates 258; Kleckner v. County of Lehigh, 6 Wharton 66; Winrow v. Raymond, 4 Barr 501. The respondent was therefore entitled to take the rule, but it was error in the court below to make it absolute.

The order setting aside the service of the subpœna is reversed at the costs of the appellee.