## Timney, Appellant, *v.* Timney.

*Divorce—Rules of court—Service of papers by sheriff—Act of March* 13, 1815, 6 *Sm. L.* 286.

A rule of the court of common pleas providing that in divorce cases " the subpœna, copy of the libel and notice, and prayer and answer shall be served by the sheriff upon the respondent, if he is within the county," is a reasonable and proper rule, and one which the court has power to make under the Act of March 13, 1815, 6 Sm. L. 286, although there is nothing in that act which requires service by the sheriff.

Argued Oct. 14, 1902. Appeal, No. 97, Oct. T., 1902, by plaintiff, from order of C. P. No. 3, Dec. T., 1900, No. 10, refusing a decree of divorce in case of Andrew J. Timney v. Jennie Timney. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Libel for divorce.

The master, David N. Fell, Jr., Esq., recommended that a decree of divorce should be refused on the ground that the subpœna and the libel had not been served by the sheriff. The court sustained the master's recommendation.

*Error assigned* was order refusing a decree of divorce.

*John H. Fow*, for appellant.

No appearance nor paper-book, for appellee.

OPINION BY ORLADY, J., December 13, 1902:

Rule 16, section 5, of the courts of common pleas of Philadelphia county, provides that in divorce cases " the subpœna, copy of the libel and notice, and prayer and answer, shall be

served by the sheriff upon the respondent, if he is within the county." It is conceded that the respondent in this case was not served as provided by the rule, for which reason, the master appointed by the court below recommended that the decree of divorce, a vinculo matrimonii, prayed for in the libel, be refused; the exceptions to the report were dismissed by the court, and the report was confirmed.

The statute of March 13, 1815, 6 Sm. L. 286, paragraph 2, provides, among other things that " a subpœna shall issue from the said court, signed by one of the judges thereof, directed to the party so complained against, commanding him, or her, to appear .... to answer the said petition or libel, and, upon due proof, at the return of the said subpœna, that the same shall have been served personally on the said party wherever found, or that a copy had been given to him, or her, fifteen days before the return of the same, the said court shall and may make such preparatory rules and orders in the case that the same may be brought to a hearing. . . ." It is true that there is nothing in the act, either by its express terms or by necessary implication, that requires service by the sheriff; the subpœna is not directed to him, but to the respondent, and may be served by any one: Fillman's Appeal, 99 Pa. 286. It is held by the Supreme Court in that case, that a service by the sheriff is the better service, and the course usually followed, for the reason that the return is more likely to be accurate ; but it must be conceded that in addition to the Act of June 16, 1836, P. L. 784, paragraph 21, the court of common pleas has the power, inherent in all courts of record, to make such rules as are necessary and convenient for the transaction of its business, provided they are not unreasonable nor contrary to law ; and that the object of rules of court being to facilitate business, prevent unnecessary delay and promote substantial justice, they will not be so construed or applied as to affect a contrary result : 2 P. & L. Dig. of Dec. 3123. The only limitation of this power is that they must not be contrary to law nor unreasonable : Flisher v. Allen, 141 Pa. 525.

The rule above quoted does not contravene the act of assembly, and it is a wise provision to safeguard the proceeding so as to have the matter more directly under the control of the court; and the fact that the same or a similar rule was in

force at the time when Fillman's Appeal, supra, was decided, does not change the result, as that question was not presented for the consideration of the court, and was not passed upon. In passing upon the propriety, or the sufficiency of a rule of court, it has been held, in many cases, that the court is the best judge of its own rules and that great latitude will be given in their construction and application, which discretion is not subject to review, except in cases of manifest and material error. A similar rule is in force in many of the counties of the commonwealth, its purpose being to more effectually control the proceedings ; it is not an unreasonable one, nor is there anything in the statute prohibiting the court from regulating the service in the matter provided by this rule, so as to make it unlawful.

The judgment is affirmed.