## Gill v. Gill.

*Divorce—Subpœna—Sheriff's return—Proclamation—Mistake in name of respondent—Acts of March 13, 1815, and March 19, 1923.*

1. There is nothing in the Act of March 13, 1815, 6 Sm. Laws, 286, nor in the Act of March 19, 1923, P. L. 20, which indicates that the oath to a return of *non est inventus* in an action for divorce should be made by the sheriff.

2. In a proclamation in divorce, a mistake in the middle initial of the respondent's name is fatal and invalidates the proceeding. In such case, a decree of divorce will be refused without prejudice to the right of libellant to proceed *de novo*, upon leave of court, for the proper publication and service of the proclamation and regular proceedings thereafter.

3. The use of the word directed, instead of required, in a proclamation in divorce is not fatal, but there is no reason why the exact words required by the act of assembly should not be used.

Exceptions to report of master in divorce. C. P. Dauphin Co., Jan. T., 1923, No. 91.

*Harvey E. Knupp*, for libellant.

WICKERSHAM, J., April 1, 1924.—This question comes before us upon exceptions to the master's report, recommending that we dismiss the libel of the plaintiff because it does not appear that the court has jurisdiction over the respondent.

We pass the master's criticism of the use of the pronoun "he" in the sixth line of the subpœna. He admits that it is merely an inaccuracy in form.

He next directs attention to the return, which was signed by George W. Karmany, Sheriff of Dauphin County, by W. H. Hoffman, Deputy Sheriff. It was sworn to and subscribed before the prothonotary on Feb. 26, 1923. The master was of the opinion that the Act of March 19, 1923, P. L. 20, indicates that the oath to the return of *non est inventus* should be made by the sheriff. We cannot agree with this contention. We find nothing in the Act of 1815, nor in the amendatory Act of 1923, referred to by the master, which leads to that conclusion. The subpœna in divorce issued from this court was

Gill v. Gill.

directed to John C. Gill, the party complained against, commanding him to appear, etc. There is nothing in the Act of March 13, 1815, 6 Sm. Laws, 286, nor in the Act of March 19, 1923, P. L. 20, which requires that 'the subpœna in divorce shall be served by the sheriff. The subpœna was not directed to him, but to the respondent, and it may be served by any one, but a service by the sheriff is the better service, and this course is usually followed; in such case, the return is likely to be more accurate. In either case, due proof is required to be made of the service: Fillman's Appeal, 99 Pa. 286-289. The affidavit to the return constitutes the "due proof" required by the act of assembly. Inasmuch as the subpœna in divorce in this case could have been served by any one, we see no legal objection why the return made by the deputy sheriff that "he made diligent search and inquiry for one John C. Gill, respondent named in the within subpœna for divorce, and that he was unable to find him in the County of Dauphin," should not be made by him as well as by the sheriff himself, so long as the return is made in the name of the Sheriff of Dauphin County: Bolard v. Mason, 66 Pa. 138-141.

The next objection found in the report of the master is, in our opinion, fatal to the action of the libellant. It appears from the record that the name of the defendant is John C. Gill. The original subpœna in divorce issued against John C. Gill, as did the alias subpœna. In the petition for a proclamation the respondent is named "J. C. Gill." The sheriff made return as follows:

"In the Court of Common Pleas of Dauphin County, No. 91, January Term, 1923. Libel in Divorce—a vinculo matrimonii. Elizabeth Gill v. J. C. Gill. The subpœna and alias subpœna in the above stated case have been returned non est inventus. You, J. G. Gill, are therefore directed to appear in the court at Harrisburg, Pa., on the 4th Monday of October, A. D. 1923, to answer the complaint therein filed. George W. Karmany, Sheriff."

The party complained against in the libel is John C. Gill, and not J. G. Gill. We think this is fatal and invalidates the proceeding: Youtz v. Youtz, 29 Dist. R. 160, 67 Pitts. L. J. 715; Katalenich v. Katalenich, 68 Pitts. L. J. 374; Znidarcich v. Znidarcich, 68 Pitts. L. J. 842.

All other objections raised in the report of the master are overruled. We think the marriage was sufficiently proven. It would have been better for the libellant to have made more careful inquiry before she stated the "precise post-office address" of the respondent. Inasmuch as this case goes back for republication, we direct that careful inquiry be made by the libellant in this behalf, and that copies of the sheriff's proclamation be mailed to the post-office address of the respondent, if it can be ascertained; otherwise, notice should be mailed to the "last known address," which, under the evidence, seems to have been some place in Baltimore. We think the libellant's residence in the County of Dauphin and State of Pennsylvania was properly proven. We do not think the fact that the respondent is "directed" to appear and answer, instead of "required," as provided by the Act of March 13, 1815, is fatal; but we can see no reason, when this proclamation is republished, why the sheriff should not use the exact words prescribed by the act of assembly.

For the reasons which we have just given, the report of the master is affirmed. The application of the libellant for a decree of absolute divorce, under the record as it now stands, must be refused, without prejudice to the right of the libellant to proceed de novo, upon leave of the court, for the proper publication and service of the proclamation and regular proceedings thereafter.