## Lancaster Trust Company v. Bertz.

*C. E. Charles* and *Dillinger & Schneller*, for rule.
*Zimmerman, Myers & Kready*, contra.

LANDIS, P. J., July 7, 1928.—This suit was brought to recover the sum of $8250 and interest on two promissory notes. The first note, for $1450, was made by S. S. Bertz and J. J. Bertz, per R. D. Owens, attorney-in-fact, to the order of S. S. Bertz & Brother, and was endorsed by S. S. Bertz & Brother, per S. S. Bertz. The second one, for $6800, was made by the Keystone Motor Sales Company, per S. S. Bertz, to the order of S. S. Bertz, Fred. W. Ritchey and J. J. Bertz, and was endorsed by S. S. Bertz, Fred. W. Ritchey, J. J. Bertz, per R. D. Owens, attorney-in-fact, and the Keystone Motor Sales Com-

pany, per S. S. Bertz. Both notes were duly protested for non-payment. The writ was issued on May 3, 1928, and the statement was filed on May 7, 1928. Both were served by the Sheriff of Lancaster County on May 7, 1928, on "J. J. Bertz, by handing a true and attested copy thereof to R. D. Owens, his attorney-in-fact." The statement avers that J. J. Bertz "is a resident of the Town of Bath, County of Northampton and State of Pennsylvania." It is not claimed that he had even a place of business in Lancaster County. While the notes were signed or endorsed by R. D. Owens as his attorney-in-fact, it is not averred that Owens was authorized by any letter-of-attorney to receive service of the writ or statement for or on behalf of J. J. Bertz. Under this state of facts, the defendant asks that the said service shall be set aside and the writ quashed.

Section 1 of the Act of March 5, 1925, P. L. 23, provides "that wherever in any proceeding in law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require; . . ." and section 2, that "all such preliminary questions shall be raised by petition, setting forth the facts relied upon, whereupon a rule to show cause shall be granted and such preliminary question disposed of by the court. Such procedure shall be deemed *de bene esse* only, and shall not operate as a general appearance." But I conceive that, even before the passage of this act, a defendant could appear *de bene esse* and ask that the service of the writ be set aside. Thus, in Winrow *v.* Raymond, 4 Pa. 501, Rogers, J., said: "The practice in this State, commencing at an early period, is on motion to the court, at the instance of the defendant, to set aside a sheriff's return when the writ is defectively served. Bujac *v.* Morgan, 3 Yeates, 258, is an instance of this kind. . . . The practice is to enter an appearance *de bene esse* and ask the judgment of the court as to the legality of the service." In Jeannette Borough *v.* Roehme, 9 Pa. Superior Ct. 33, it is said: "It is the established practice in this State for a defendant to move to set aside a sheriff's return where he believes the writ to have been defectively served." This case was affirmed by the Supreme Court (197 Pa. 230). See, also, Fillman's Appeal, 99 Pa. 286; Dale *v.* Blue Mountain Manuf. Co., 167 Pa. 402.

The defendant has, however, chosen to follow the provisions of the Act of 1925, and the sole question for determination is whether the service was in conformity to the law. The Act of July 9, 1901, P. L. 614, provides that "the writ of summons . . . may be served by the sheriff of the county wherein it is issued upon an individual, defendant or garnishee, in any one of the following methods: *(a)* By handing a true and attested copy thereof to him personally; or *(b)* by handing a true and attested copy thereof to an adult member of his family at his dwelling-house; or *(c)* by handing a true and attested copy thereof at his place of residence to an adult member of the family with which he resides; or *(d)* by handing a true and attsted copy thereof at his place of residence to the manager or clerk of the hotel, inn, apartment-house, boarding-house or other place of lodging at which he resides; or *(e)* by handing a true and attested copy thereof at his place of business to his agent, partner or the person for the time being in charge thereof, if, upon inquiry thereat, his residence in the county is not ascertained, or if for any cause an attempt to serve at his residence has failed."

It is clear that, as the defendant is admittedly a non-resident, the first four sub-sections have no application to the present service. Does the fifth cover the present case? The return of the sheriff does not show that he served the

writ at the defendant's place of business or that the defendant had any place of business in the County of Lancaster. Nor does it show that the person upon whom he did serve it had any authority to receive the service. It is true that Owens is named as attorney-in-fact for J. J. Bertz, but that of itself is not sufficient, especially as the extent of the authority possessed by Owens is not shown by the return. In Lackey *v.* Donnelly, 25 Dist. R. 771, 43 Pa. C. C. Reps. 392, McCarrell, J., we think rightly, held that a power of attorney given to one to proceed for the collection of money did not constitute such person an agent to accept service of any summons, nor make such person one upon whom service could lawfully be made.

I am of the opinion that the writ and the statement in this case were defectively served, and that this rule should be made absolute and the service set aside. This is accordingly done. Rule made absolute.

From George Ross Eshleman, Lancaster, Pa.