# Weaver *versus* Stone et al.

1. An appeal from an award of arbitrators, by the defendant, gave him a footing in court, equivalent to a formal appearance to the action.

2. Where one appears by attorney, the name of the attorney should be entered of record.

3. Where one appears in person, it is only necessary that some act should be done, admitting that the party is regularly in court, and bound to answer to the writ.

ERROR to the Court of Common Pleas of *Wayne county.*

Ejectment by defendants in error, for sixty acres of land in Clinton township.

The case was arbitrated, and award for plaintiffs for the land in controversy, and $100, as mesne profits, filed January 28, 1853.

February 15, 1853, defendant appealed from said award, paid the costs, and entered into a recognizance himself, and Myron Jakway as surety for such appeal, but exceptional in point of form under the law.

The next day, to wit, 16th day of February, 1853, another recognizance was entered into by Myron Jakway, the surety, for such appeal, conditioned as the law requires.

Exceptions having been taken by plaintiffs' counsel, to the sufficiency of Myron Jakway as bail, on the 21st February, 1853, a still further recognizance was entered into and filed by William Weaver, with M. B. Bennett as surety, conforming to the law, in point of form, for the said appeal.

On the 5th day of May, 1853, on motion of Wallers, attorney for plaintiffs, judgment was entered in open court, for want of an appearance.

The entry of the judgment for want of appearance, is the error complained of.

[Weaver v. Stone et al.]

*Crane*, for plaintiff in error.—Entering an appeal from award of arbitrators, paying all costs accrued, and giving repeated recognizances with surety for future costs, and making affidavit that the appellant firmly believes injustice has been done, constitute an appearance by defendant below in person; and after such appearance, a judgment for want thereof is irregular, and should have been set aside.

See *Foreman* v. *M'Pherrin*, 13 Serg. & Rawle, 290. A judgment at common law, by default for want of an appearance against defendant, who has been arrested, and given bail to the sheriff, is irregular.

*Morton* v. *Hoodless*, 1 Miles, Rep. 46. Judgment for want of an appearance will not be ordered where there is an affidavit of defence filed by the defendant in person, in due time for an appearance; but an appearance will be directed to be docketed.

*Crosby* v. *Massey*, 1 Penna. Rep. 229. An agreement, authorizing the prothonotary to enter an amicable action is, in effect, an appearance by the defendant.

————, for defendants in error.

The opinion of the court was delivered May 18, 1854, by

KNOX, J.—This judgment is erroneous. The appeal from the award of arbitrators, by the defendant, gave him a footing in court, equivalent to a formal appearance to the action. A party may appear by attorney, or in person; and no act can more strongly evidence the intention to contest the claim, than an appeal from an award of arbitrators. He appears before the prothonotary of the court, makes an affidavit that injustice is done him, and that his appeal is not for delay, and enters into recognizance to prosecute it with effect. Upon an exception by the plaintiff, to the bail, a new recognizance, with other bail, is given; and yet, after this unequivocal act, judgment is given against him for want of an appearance. As well might judgment be signed for want of an appearance, after an affidavit of defence upon the merits.

Where one appears by attorney, the name of the attorney should be entered of record; but where the appearance is in person, it is only necessary that some act should be done, admitting that the party is regularly in court, and bound to answer to the writ.

Judgment reversed and *procedendo* awarded.