Statement of Facts.

## J. F. EVERETT v. NIAGARA INS. CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF CLINTON COUNTY.

Argued March 17, 1891—Decided May 18, 1891.
[To be reported.]

1. After the return of service of a summons has been set aside, on motion of the defendant appearing de bene esse for that purpose, the defendant is out of court, and, while declining to appear generally, has no standing to direct the entry of an office judgment against the plaintiff, for non-compliance with a rule of court.

(a) A rule of the court below provided: "If no declaration or statement is filed within one year from the first day of the term to which an action is brought, a judgment of non-pros may be entered by the prothonotary, as a matter of course, on the request of defendant's attorney, or any officer to whom costs are due: "

2. The rule seems to contemplate cases where the defendant is in court, either by service or by general appearance; wherefore, the court below, so construing it, properly treated an office judgment of nonsuit entered on the request of a defendant who was not so in court, as of no effect, because unauthorized thereby.

3. The fact that a judgment of non-pros, entered by the prothonotary without authority and subsequently stricken off by the court for that reason, was standing upon the record at the time of the issue of an alias summons, will not prevent that writ from being an alias summons in effect as well as in form.*

4. A stipulation in a policy of fire insurance that no action shall be sustainable thereon, unless commenced within twelve months after the fire, is valid and will be enforced, even in case of an accidental failure to comply with it; but, being in derogation of the general law, to be available the stipulation should be clear.

5. A stipulation prescribing a period within which the action " shall be commenced," will not be construed as requiring that an alias summons must be issued within a like period after the date of the original summons: Hocking v. Insurance Co., 130 Pa. 170; Riddlesbarger v. Insurance Co., 7 Wall. 386, distinguished.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 156 July Term 1890, Sup. Ct.; court below, Nos. 140 January Term 1888, 37 February Term 1889, C. P.

---

* See Everett v. London etc. Ins. Co., post, 332.

To No. 140 January Term 1888, of the court below, J. F. Everett, for the use of E. L. Sedam and others, brought assumpsit against the Niagara Insurance Company of the city of New York, upon a policy of insurance against loss by fire, issued by the defendant company. The policy contained the following clause :

" 9. It is hereby expressly provided that no suit or action against this company, for the recovery of any claim by virtue of this policy, shall be sustainable in any court of law or equity, until after full compliance by the assured with all the foregoing requirements ; nor unless such suit or action shall be commenced within twelve months next after the fire shall have occurred ; and should any suit or action be commenced against this company after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim. . . . . "

The property insured was destroyed by fire on January 6, 1887. The writ of summons in this action and like writs in like actions against the London & Lancashire Insurance Company and the Washington Insurance Company were issued on December 27, 1887. Returns of service upon designated agents of the companies having been made, Mr. C. S. McCormick entered an appearance de bene esse for the defendants, and on January 30, 1888, procured a rule to show cause why the return of service in each case should not be set aside.

On December 28, 1888, after argument, the court, MAYER, P. J., filed the following opinion and order :

The above entitled defendants are foreign insurance companies, doing business in the state of Pennsylvania; and, in compliance with the provisions of the act of assembly of April 4, 1873, [P. L. 20,] designated an agent whose office was in the city of Philadelphia, to receive service of process for their respective companies. The writ in each of said cases was placed in the hands of the sheriff of Clinton county, who served them on the agents of said companies, doing business in this county, who were authorized to solicit risks and collect and receive premiums and effect policies of insurance, subject to the approval of the company. In pursuance of the provisions of the thirteenth section of the act of April 4, 1873, the sheriff of Clinton county deputized the sheriff of Philadelphia county

Opinion of Court below.

to serve the writs on the agents of the several companies in the city of Philadelphia, designated to receive service of process. The writs in each of the cases were served by one Lewis Rementer, and the mode of service sworn to by him. The return of the service is signed by the sheriff of Philadelphia, but the writ was not served by him. Whether Lewis Rementer was a deputy of the sheriff of Philadelphia county nowhere appears in the return.

That the service of the writs by the sheriff of Clinton county upon the local agents in this county is not a good service, is decided in the case of ,Cochran v. Library Co., 6 Phila. 492, and O'Hara v. Mutual Aid Society, 2 Kulp 269. And we are of the opinion that the service made by Lewis Rementer is also defective, for the reason that the deputation was by the sheriff of this county to the sheriff of Philadelphia county, who alone was authorized to serve the writs, and could not depute another to serve the writs. Had the summons been directed to the sheriff of Philadelphia county, under the act of April 24, 1857, [P. L. 318,] then his deputy could have served it, but in the present case, being but a deputy himself, he could not delegate his authority to another.

Rule made absolute, and service of writs set aside in each case.

Rule No. 85 of the court below is as follows:

" If no declaration or statement is filed within one year from the first day of the term to which an action is brought, a judgment of non-pros may be entered by the prothonotary as a matter of course, on the request of defendant's attorney, or any officer to whom costs are due."

Under this rule, the defendant's counsel asked for judgment of non-pros in each case, by the following written motion filed in the prothonotary's office:

" And now, January 11, 1889, reserving all exceptions to the service and return of the writ in this cause, and under my appearance de bene esse for the purpose of this application or request, and for no other purpose, I hereby request that judgment of non-pros be entered in the above-stated cause, no declaration or statement having been filed within one year from the first day of the term to which the action was brought, in accordance with No. 85 of the rules of court."

*Statement of Facts.*

In accordance with this motion, the prothonotary, on January 11, 1889, entered judgment of non-pros, for default of a narr or statement, etc.

In the present case, the plaintiff's counsel on January 25, 1889, filed a præcipe, referring to the cause at No. 140 January Term 1888, and directing the prothonotary to issue an alias summons. On the same day, the prothonotary issued a writ indorsed as an alias summons, but he docketed it to No. 37 February Term 1889. This writ was duly served. On February 2, 1889, a statement of claim was filed by the plaintiff to the number and term last mentioned, and issue was joined upon the plea of non-assumpsit.

At the trial on March 4, 1890, the above-stated facts having been made to appear, the court, BARNETT, P. J. 41st district, specially presiding, charged the jury as follows:

Gentlemen of the jury: This case will turn finally on the question of law to be determined by the court. If the plaintiff, under the evidence in the case, is entitled to recover at all, it is agreed that he is entitled to a verdict for $1,384.18. We, therefore, instruct a verdict to be rendered for that amount, subject to the question of law reserved by the court growing out of the following facts:

The fire occurred on the sixth day of January, 1887, and suit was brought to No. 140 January Term 1888, by præcipe filed December 27, 1887. On the thirtieth of January, 1888, a rule was granted to show cause why the return of the sheriff as to the summons should not be set aside. On the twenty-eighth of December this rule was made absolute. On the eleventh of January, 1889, a judgment of non-pros was entered under the rules of court, in default of no declaration having been filed within a year from the first day of the term to which the action was brought. On the twenty-fifth of January, 1889, præcipe for alias summons filed. Under this statement of facts, shown by the record and not controverted, the question of law is reserved, whether the plaintiff can now recover a verdict, notwithstanding the judgment of non-pros being entered in favor of the defendant.

Under this reservation of the question of law, to be determined finally by the court, and subject to the decision of the court in this action, you will render a verdict in favor of the plaintiff for $1,384.18.

Opinion of Court below.

—A verdict for the plaintiff having been rendered, in accordance with the direction of the court, the defendant moved in arrest of judgment and for a new trial. While the motions were pending, the plaintiff filed a petition, at No. 140 January Term 1888, to have the judgment of non-pros of January 11, 1889, stricken from the record. This petition was presented to MAYER, P. J., who on May 19, 1890, filed an opinion and decree in part as follows:

This judgment was improperly entered for the reason that the defendant and its counsel were not in court after the service of the writ was set aside, and its counsel could take no further steps in the case unless he chose to enter a general appearance. "There cannot be an appearance de bene esse for the purpose of pleading or trying the cause:" Bohlen v. Stockdale, 27 Pittsb. L. J. 198. Judgment of non-pros is accordingly stricken off.

The question reserved at the trial before the jury having been argued, the court, BARNETT, P. J., on May 27, 1890, filed an opinion as follows:

In this case, the verdict of the jury was in favor of the plaintiff. But a question of law was reserved by the court in the following form, to wit: The fire occurred on the sixth of January, 1887. Suit was brought to No. 140 January Term 1888, by præcipe filed December 27, 1887. On the thirtieth of January, 1888, rule granted to show cause why the return of the sheriff as to the service of the summons should not be set aside. On the twenty-eighth of December, 1888, this rule was made absolute. On the eleventh of January, 1889, judgment of non-pros was entered, under the rules of court, in default of a declaration having been filed within a year from the first day of the term to which the action is brought. On the twenty-eighth of January, 1889, præcipe for alias summons filed. Under this statement of facts, shown by the record and not controverted, the question of law is reserved by the court, whether the plaintiff can now recover a judgment, notwithstanding the judgment of non-pros, and if not, then judgment to be rendered in favor of the defendant, notwithstanding the verdict.

There is one other fact which does not appear in the above statement, because either it was not brought to the attention

of the court at the time, or, if so, was overlooked; that the appearance for the defendant in No. 140 January Term 1888, was not absolute but only de bene esse, at the time when judgment of non-pros was entered. It was contended by the defendant that the entry of the judgment of non-pros was a final termination of said suit to No. 140 January Term 1888, and therefore No. 37 February Term 1889 is not a continuation of the original action by an alias summons, but is in reality itself a new and independent suit, and there can be no recovery therein by the plaintiff, both by reason of the said judgment of non-pros, and because the limit of time within which suit must be brought, under the terms of the contract, had expired.

But the fact that there was not, at any time, an absolute appearance for the defendant in No. 140 January Term 1888, quite takes away the force of the defendant's argument: Thus, in Blair v. Weaver, 11 S. & R. 85, it is said : " The attorney, though there be an appearance de bene esse, may move to set aside the writ or service, for his appearance de bene esse was, provided there was a good writ and good service." And in Skidmore v. Bradford, 4 Pa. 300, it is said : " It is a familiar principle that an actual appearance is a waiver of defects in the process, or service of it, and without a full appearance the debtor had no right to open his lips at the return of the writ." See also Bolard v. Mason, 66 Pa. 138.

In this case, the service of the summons was set aside on the twenty-eighth of December, 1888. The defendant was then out of court, and the entry of the judgment of non-pros made on the eleventh of January, 1889, was unauthorized and without full legal effect, and has since, upon application, been stricken off by the court: See Craig v. Barclay, 48 Pa. 202; Ashton v. Bell, 19 W. N. 38. If the entry of the judgment of non-pros was not a final termination of No. 147 January Term 1888, then the alias summons to No. 37 February Term 1889, is the continuation of a suit brought within the limited time. And, that judgment being now also stricken from the record, the plaintiff is entitled to judgment on the verdict in his favor.

And now, May 27, 1890, judgment on the reserved question of law is hereby given in favor of the plaintiff, and the prothonotary is directed, upon payment of the jury fee, to enter judgment in favor of the plaintiff on the verdict of the jury.

Arguments.

—Thereupon the defendant took this appeal specifying that the court erred :

1. In entering judgment for the plaintiff on the reserved point.

2. In not entering judgment thereon for the defendant.

*Mr. C. S. McCormick,* for the appellant:

1. If Bohlen v. Stockdale, 27 Pittsb. L. J. 198, cited by Judge Mayer in his opinion, establishes anything, it establishes the position that the filing of the application for the judgment of nonsuit must be treated as a general appearance. But the most that can be said of the judgment is that it was irregular, if even that can be said. It remained valid until stricken off by the court. When it was entered it was the end of the cause. There was nothing left upon which to engraft an alias writ. The summons was functus officio. The judgment being therefore a bar to the issuing of an alias writ, a removal of the nonsuit, after the issuing of the second writ, would not enable the plaintiff to maintain his suit. This cause must be determined as though that judgment had not been stricken from the record.

2. That it was in the minds of the parties, when they agreed upon the terms of this contract, that by issuing alias writs of summons, the bringing of the suit and the trial of the cause might be prolonged indefinitely, no one can for a moment believe. The validity of the stipulation that suit must be brought within twelve months is sustained by many decisions: Farmers Ins. Co. v. Barr, 94 Pa. 345 ; North Western Ins. Co. v. Oil Co., 31 Pa. 448 ; Hocking v. Insurance Co., 130 Pa. 179. Having made their own law of limitations, the parties excluded the statute on that subject, and the court must be controlled by the language of their stipulation : Riddlesbarger v. Insurance Co., 7 Wall. 386 ; Hocking v. Ins. Co., 130 Pa. 179.

3. The effort here is to invoke the principle which has grown up in Pennsylvania, that to stop the running of the statute of limitations, the alias summons must issue within six years from the date of the original: Curcier's Est., 28 Pa. 262 ; Jones v. Orum, 5 R. 249. This rule has been adopted in analogy to the statute of limitations. Under it, if the alias writ issue more than six years after the issue of the original, the action is barred. In this case, the original summons was required, by

Opinion of the Court.

the contract limitation, to be issued within twelve months. It would seem to be right to continue the analogy, and hold that, in order to toll the bar of the limitation, the alias summons must be taken out within twelve months from the date of the original. If this rule prevail, the alias writ issued a month too late. If, however, the analogy be disregarded, and the alias summons be allowed to issue within six years, the court will be making a new contract for the parties different from that which they entered into.

*Mr. Seymour D. Ball*, for the appellee:

The judgment of non-pros was improperly entered, there being only an appearance de bene esse for the defendant: Bohlen v. Stockdale, 27 Pittsb. L. J. 198; Blair v. Weaver, 11 S. & R. 84; Skidmore v. Bradford, 4 Pa. 296; Bolard v. Mason, 66 Pa. 138. The construction by the court below of its own rules is conclusive: Ellmaker v. Insurance Co., 5 Pa. 183; Dailey v. Green, 15 Pa. 118; Gannon v. Fritz, 79 Pa. 303. Moreover, the second summons was but a continuation of the first: McClurg v. Fryer, 15 Pa. 293; Pennock v. Hart, 8 S. & R. 368; Logan v. Green, 1 Pittsb. 43.

OPINION, MR. JUSTICE MITCHELL:

The only question raised by the assignments of error is the correctness of the judgment entered for plaintiff on the verdict, instead of being entered for defendant, on the reserved point. The point was imperfectly reserved, as the vital fact was omitted, to wit, the limitation in the policy as to the time of bringing suit. But, as this omission was manifestly a mere oversight, and both parties as well as the court have treated that fact as established in the case, we proceed to consider it.

The policy stipulated that no action upon it should be sustained unless commenced within twelve months next after the fire should have occurred. Such contracts are valid: Hocking v. Insurance Co., 130 Pa. 170, and will be enforced even in case of accidental failure to comply, through mistake in the policy, or in a previous suit: Farmers Ins. Co. v. Barr, 94 Pa. 345; National Ins. Co. v. Brown, 128 Pa. 386; Hocking v. Insurance Co., supra. The present case, therefore, depends upon two questions: First, whether this is an alias based upon

and supported by the prior writ; and, secondly, if so, whether the contract limitation applies to the period between the issue of the original and the alias.

The present writ is an alias summons in form, and was duly issued as such; but calling it an alias will not make it one in effect, if in fact the original was dead at the time this issued. The service of the original was set aside, but the writ itself remained, and beyond question kept the action alive, at least until the entry of the nonsuit. Appellant argues, however, that, as the nonsuit was on the record when the alias issued, even though it was subsequently struck off, the original writ was functus officio for all purposes at that time, and the status of the so-called alias must be determined as of that date. This argument would be of great force if the nonsuit had been taken off by the court for any ground subsequently arising, though even then, as there were no third parties whose interests would be affected, the court might probably have ordered it struck off nunc pro tunc as of the date of its entry. But the court struck off the nonsuit, because it was entered without authority and therefore never was of any force. The special ground assigned in the opinion of the learned judge below is that, the service having been set aside, and the defendant having appeared de bene esse only, he was not in court, and had no standing to take any such step in the cause. The entry of the nonsuit was therefore no more than any unauthorized entry on the record by a stranger. This view of the extent of an appearance de bene esse is sustained by the general understanding and practice of the profession, and by the authorities as far as they appear to have passed upon the subject: Blair v. Weaver, 11 S. & R. 84; Winrow v. Raymond, 4 Pa. 501; Skidmore v. Bradford, 4 Pa. 296, 300; Bolard v. Mason, 66 Pa. 138. But there is also another view which leads to the same result. The rule of the court below under which the nonsuit was entered, while not expressly so limited, appears to contemplate cases where the defendant is within the jurisdiction of the court, either by service or by general appearance. Otherwise, as the court is without power to proceed in the case, there would appear to be no occasion for compelling the plaintiff to go through the useless form of filing a declaration. This appears to be the natural construction of the rule, and that such was

Opinion of the Court.

the view of the learned judge below who entered the final judgment we may fairly infer from his citation of Ashton v. Bell, 19 W. N. 38, where a similar rule was so construed by the Court of Common Pleas No. 3 of Philadelphia. On both grounds, therefore, we are of opinion that the court below was right in treating the nonsuit, thus entered without authority under the rule of court, as of no effect, thus leaving the present writ as an alias in fact as well as in name.

This brings us to the second contention of appellant, that, even as an alias, this writ was too late, being issued more than twelve months after the original; and, as the parties had by their contract fixed their own period of limitation, it should be applied to the alias as well as to the original. This, however, is too stringent a construction of the agreement against the plaintiff. Such agreements are lawful, as already said, but they are in derogation of the general law of the commonwealth, and to be available the stipulation should be clear. Here, it is that the action " shall be commenced within twelve months." There is no provision for anything beyond the commencement. Thereafter it is to take the regular course, according to the general law. The present plaintiff has brought himself strictly within his agreement. He began his action within the time specially agreed, and he kept it alive by the means and within the time allowed him by the law. It was no fault of his that the first writ was ineffectual to bring the defendant into court, but his misfortune did not go beyond the failure of the service. If that were sufficient to end his action, then the defendant, by avoiding service for twelve months, could defeat him altogether. It is not reasonable to suppose that the agreement contemplated any such result. The cases of Hocking v. Insurance Co., 130 Pa. 170, and Riddlesbarger v. Insurance Co., 7 Wall. 386, are widely distinguishable. In them the first action had come to an absolute end, and that which the plaintiffs had commenced, after the stipulated period had expired, was a new and distinct action. It was said in the former that it was a hard case for the plaintiff, but he was clearly within the prohibition of his contract. Here the plaintiff is clearly not within the prohibition, but has preserved all of his rights.

Judgment affirmed.