# Borough of Jeannette *v.* John Roehme, Owner or Reputed Owner, Appellant.

*Practice, C. P.—Appearance as a waiver of service.*

An appearance to the action, on the part of the defendant, is a waiver of service of the writ.    Any action by the defendant, in person or by attorney, looking to a determination of the cause on its merits, operates as an appearance; preventing a default, and subjecting the defendant to the jurisdiction of the court.

*Service of process—Waiver of defects—Estoppel.*

A presentation of matter of defense to the action brings the defendant into court and is an act implying submission to its judgment, even if accompanied with a denial of the right of the court to hear the cause.

In the case at bar the defendant appealed to the equitable powers of the court to have a judgment opened setting up the alleged illegality of the

service of the scire facias and also alleging a defense on the merits.    After testimony taken the court discharged the rule.    *Held*, that by asking and obtaining a decision on the merits, defendant submitted himself to the judgment of the court with the same effect as if a general appearance had been formally entered.    On reason and authority it must be held to waive all objection to the service.

Argued April 20, 1898.    Appeal, No. 180, April T., 1898, by defendant, from order of C. P. Westmoreland Co., May T., 1893, No. 726, discharging rule to open judgment.    Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and POR- TER, JJ.    Affirmed.    RICE, P. J., dissents.

Rule to open judgment, and let defendant into a defense. Before McCONNELL, J.

It appears from the record that the plaintiff issued a scire facias sur municipal lien for sidewalk paving to which the sher- iff made the following return : " Made known, April 18, 1893, to the within named defendant, by posting a true and attested copy of the within writ on the within described premises, there being no building on said premises and no one in possession of the same, and the defendant could not be found in my bailiwick. So answers P. F. McCann, sheriff." On May 25, 1893, judg- ment for want of appearance was entered against defendant. On September 27, 1893, a writ of levari facias was issued and the lots advertised to be sold on November 18, 1893.    On the 15th of November defendant filed his petition in court setting forth in substance that "petitioner is now and has been for several years past a resident of the city of McKeesport and never resided in the borough of Jeannette.    That some years ago he bought three lots of ground in said borough of Jean- nette.    That some time after he became the owner of said lots he received notice from the authorities of said borough to lay a plank walk in front of said lots and if he neglected to do so that same would be done by the borough at his expense.    That thereafter the borough laid the same, charged petitioner with expense thereof, which was thereafter duly paid by him and receipted for by the authorities of said borough.    That on Sep- tember 27, 1892, notice was given to lay a brick or stone pave- ment in front of his lots within twenty days and that plaintiff wrongfully and illegally tore up the plank walk and laid a brick

pavement in front of petitioner's lots and charged the cost thereof and penalty against petitioner and filed a municipal lien against the said three lots for the price of the said brick pavement. That a writ of scire facias issued on said municipal lien to which the sheriff made a return. (The return is set out above in this statement of facts.) Judgment was entered in favor of plaintiff and a levari facias issued thereon. That petitioner only received knowledge of proceedings as above stated within the last few days. That he is advised and believes that the claim so filed by the above named plaintiff was in violation of law and in violation of the rights and authority vested in the borough council of the said plaintiff. He is further advised and believes as a matter of law that no legal service was had on the said writ of scire facias and that the judgment so obtained is absolutely null and void. He further says that he has a just defense to this claim as filed and therefore prays the court to stay the execution of said writ of levari facias and grant a rule to show cause why the judgment so entered should not be opened and give him such other and further relief as the circumstances of the case require." A rule was granted to show cause, testimony was taken before a commissioner who decided two things, first, that the service on the scire facias was good; that the judgment was regularly taken and the levari facias regularly issued. Second, that defendant had no standing on the merits of the case and recommended that the rule be discharged; whereupon the court made the following order:

The very careful and elaborate report of the commissioner on all questions involved in this case makes it unnecessary to further discuss them. We are satisfied with the conclusions of the commissioner on the law and facts of the case, and the exceptions to his report are dismissed, the report confirmed, the order to stay lifted and rule to open judgment and let defendant into a defense, discharged at the cost of defendant.

Defendant appealed.

*Error assigned* was to the order of the court discharging rule, reciting same.

*Paul H. Gaither*, with him *Cyrus E. Woods*, for appellant.— Defendant was a nonresident, his lots were vacant, there was

no occupier and the service of the scire facias was not good: Smith v. Kingston Borough, 120 Pa. 357.

There has been no compliance regarding the service of the scire facias with the Act of June 16, 1836, P. L. 695, or the Act of June 17, 1887, P. L. 119, and we contend that the Act of May 16, 1891, P. L. 69, provides the proper method for service of scire facias on municipal liens.

There is no difficulty in the proceedings, the ordinance being valid under the act of 1851, the proceedings to carry it out might be taken under the act of 1891.

There was nothing to prevent the sheriff from giving notice by publication, as required by the act of June 11, 1887, or the municipal lien act of May 16, 1891.   The rule for service there laid down could not be reconciled with the provision made for service by the acts of 1836 or 1851, and as regards service must therefor be taken to supersede such former acts.

The lien could be filed under the act of 1851, and proceeded on under the act of 1891.

*Denna C. Ogden,* with him *J. F. McNaul,* for appellee.— Whether the service in this case is good, which is the only question presented by appellant in the Superior Court, is clearly answered by the act of April 3, 1851, P. L. 320, which defines the power of boroughs in such cases.

OPINION BY SMITH, J., November 21, 1898:

The principal question of law argued in this case relates to the sufficiency of the service of the writ of scire facias.   The decision, however, must turn on the effect of the defendant's action since the service, rather than on the manner in which service was made.

An appearance to the action, on the part of the defendant, is a waiver of service of the writ.   Hence, if the defendant has thus appeared in this case, the question of service becomes immaterial.   Such an appearance may be entered on a præcipe for that purpose, or, it may be indicated on the record by the name of the defendant's counsel.   But this is not the only manner in which an appearance may be effected.   In practice, giving bail to the action has always been regarded as an appearance: Wright v. Millikin, 152 Pa. 507.   So, also, of the

filing of an affidavit of defense: Morton v. Hoodless, 1 Miles, 46, making a defense before arbitrators: Evans v. Duncan, 4 Watts, 24; an appeal from an award: Evans v. Duncan, supra; Weaver v. Stone, 2 Grant, 422; or an agreement that an amicable action be entered: Crosby v. Massey, 1 P. & W. 229. In brief, any action by the defendant, in person or by attorney, looking to a determination of the cause on its merits, operates as an appearance; preventing a default, and subjecting the defendant to the jurisdiction of the court.

The defendant may, indeed, appear for the purpose of questioning the right of the court to proceed in the cause, as by denying its jurisdiction, or that he has been brought within its jurisdiction by due service of process. This is usually done on an appearance de bene esse. Such an appearance, raising no question as to the merits of the case, is not an appearance to the action, and is attended by none of its consequences. But to have this effect such appearance must be confined strictly to its legitimate purpose—the denial that the defendant is subject to the jurisdiction or judgment of the court. When more than this is done under such an appearance, it will be treated as general and the defendant will be bound by the judgment of the court. On this point the Supreme Court, speaking through GORDON, J., has said: " The court below was entirely right in holding that an appearance, for the purpose of filing a plea and trying the cause, must be treated as general, though it have attached thereto words de bene esse: " Bohlen v. Stockdale, 27 Pitts. L. J. 199. It is a familiar principle that the defendant, if he would be heard on the merits, must be in court, by a formal appearance, or by some act implying his submission to its judgment in the premises: Skidmore v. Bradford, 4 Pa. 296. A presentation of matter of defense to the action is such an act, even if accompanied with a denial of the right of the court to hear the cause: 2 Ency. of Pleading and Practice, 654, 657; Fee v. Iron Co., 13 Ohio, 563; Anderson v. Coburn, 27 Wis. 558; Grantier v. Rosecrance, 27 Wis. 489. Where a defendant is in doubt about the validity of the service two courses are open to him; he may come in and defend the suit; or he may stay out and take the risk of the service. But he cannot do both. Where he offers a defense to the suit he thereby waives all defects of service: Insurance Co. v. Storrs, 97 Pa. 354.

It is the established practice in this state for a defendant to
move to set aside a sheriff's return, where he believes the writ
to have been defectively served: Winrow v. Raymond, 4 Pa. 501;
Fillman's Appeal, 99 Pa. 286.   A rule may also be taken to set
aside a defective sheriff's return and strike off a judgment based
on it: Dale v. Mfg. Co., 167 Pa. 402; and a judgment will be
reversed on a rule to open where the complaint is restricted
to the irregular service: Insurance Co. v. Fuller, 81 Pa. 398.
But in all these cases the application was for a hearing on the
sufficiency of the service of the writ; no other matter was pre-
sented.    There is no authority in Pennsylvania for the propo-
sition that a defendant may come in and obtain the judgment
of the court on the merits of an issue, where the subject-matter
is within its jurisdiction, and yet annul the whole proceeding
should the judgment be against him, by denying jurisdiction
of the person, while the opposite party is bound by the decision.
Such unequal advantage to one party cannot be permitted at
the expense of his adversary.

In the present case the defendant appealed to the equitable
powers of the court to have the judgment opened.   By select-
ing this mode of proceeding he elected to have a hearing on the
merits.   In his petition he also set up the alleged illegality of
the service of the scire facias.   But instead of resting on this
denial of jurisdiction of the person, on the ground of defective
service of the writ, he alleged a defense on the merits, based
on his own version of the transaction on which the plaintiff's
claim was founded; and this he proceeded to set forth at length.
The plaintiff filed an answer, and the court appointed a com-
missioner to take testimony and report the facts, with an opin-
ion.    The defendant offered evidence before the commissioner,
the greater part of which related to the merits of the case; the
sufficiency of the service of the writ resting largely upon the
return of the sheriff and its legal effect.   At this hearing both
parties were represented by counsel, and each called witnesses
to support his contention.   The testimony covered the facts
touching the validity of the claim, and the circumstances of the
service of the writ.   The commissioner reported his findings of
fact and of law separately and at length.   His findings of fact
covered all questions raised by the evidence on both sides,
touching the merits of the claim.   He recommended that, on the

law and the facts, the rule to open the judgment be discharged. To this report the defendant filed exceptions before the commissioner as to his findings on the merits and on the legal question of service; but after a careful reconsideration they were overruled. These exceptions were renewed before the court and after argument, on the law and the facts, the court dismissed the exceptions, confirmed the report and discharged the rule to open the judgment; whereupon this appeal was taken. The first, second and tenth specifications of error here, also relate to the merits and the equities of the defense. Throughout the proceedings the defendant pressed for a favorable decision on the merits of the claim. Under the most liberal rule of practice, therefore, it must be held that by thus taking the chances of a decision in his favor on the merits, he submitted himself to the judgment of the court.

The fact that this equitable defense was presented after judgment by default was entered cannot affect the principle involved. The defendant did not make the usual motion to set aside the sheriff's return which alone the plaintiff would be called upon to answer. He asked to have the judgment opened and offered testimony assailing the plaintiff's right to recover at all for the improvement made to his property. The plaintiff was thus called upon to justify its claim in the same manner and to the same extent as if the cause were tried before a jury. This must be treated as an appearance by the defendant to the action, having the same effect as a general appearance formally entered; otherwise the defendant had no right to present or the court to hear or pass upon the merits. As in the case of Bohlen v. Stockdale, supra, where the defendant went beyond the question of service aimed at by the appearance de bene esse and proceeded to the merits by plea, his appearance was treated as general; on like principle this defendant here having gone to the merits must be held to be in court for all lawful purposes. There is nothing in the record to justify the point that the court, by rule or suggestion, required the presentation of a prima facie meritorious defense, in order to secure the rule to open. On the contrary, so far as the record shows, the issue raised was founded upon the voluntary action of the defendant; and both parties appear to have acquiesced in the manner in which the controverted questions thus raised should be heard. At least

40      JEANNETTE BOROUGH *v.* ROEHME.

Opinion of the Court—Dissenting Opinion. [9 Pa. Superior Ct.

no exception was taken by either party to the form or regularity of the hearing at any stage. The defendant took the usual course necessary to have the judgment opened and be heard on the merits as much so as if the validity of the service were unquestioned. He asked for and obtained a full hearing and judgment on the facts upon which the claim was based. On reason and authority he thereby waived all objection to the service of the scire facias. Good faith to the court and the plaintiff will now estop him from denying the right of the court to pass upon a question, within its jurisdiction, on which he prayed the judgment of that tribunal: Skidmore v. Bradford, supra ; Borough v. Beltzhoover, 173 Pa. 213.

This court has not been requested to restrict the scope and purpose of the petition and the evidence to the single question of the service of the writ, apart from the controversy over the facts upon which the claim is based. And there is no reason, in law or justice, why we should disregard or subordinate the defense on the merits, in order to enable the defendant to avoid the legal effect of its voluntary submission. It is not claimed that this defense was offered merely in aid of the motion to set aside the service. It was not competent for that purpose. That question depended upon the legal sufficiency of the sheriff's return, and could not be affected by parol evidence touching the cause of action. This evidence was in denial of the plaintiff's right to recover, and called for countervailing proof wholly unconnected with the question of service. It constituted a complete and independent issue and was made the subject of a large part of the petition, the evidence and the report of the commissioner. Under the Act of May 20, 1891, P. L. 101, this court will open judgments only in cases where the judicial discretion vested in the court below has been manifestly abused. No such abuse appears here. The claim is for money expended in improvements on the street fronting and abutting the defendant's property, which, under the law, he should have made, or have paid for upon completion of the work by the borough.

Judgment affirmed.

DISSENTING OPINION BY RICE, P. J., November 21, 1898 :

As soon as the defendant learned of the judgment he moved to open it alleging in his petition that the service of the writ,

as shown by the return, was not in accordance to law.  If his contention in this respect be correct, then, not having been guilty of laches, he had a clear legal right to have the judgment opened, and to a trial by jury; and I am unable to concur in the conclusion that he waived this right by setting forth in his petition what his defense was, or by any subsequent action disclosed by the record.  Therefore, it seems to me, the decision of the court below upon the question of the validity of the service of the writ is fairly before us for review.