## Connor v. Lyon.

*Practice, C. P.—Appeal from justice—Judgment by default of appearance.*

Where a defendant has appealed from the judgment of a justice he is technically in court, and judgment may not be entered by default for want an appearance.

*Practice, C. P.—Judgment for want of affidavit—Notice.*

A judgment may not be entered, for want of a sufficient affidavit of defense, in proceedings on appeal from the judgment of a justice where the record fails to show that the defendant has had written notice that the statement has been filed and that an affidavit of defense is required.

Argued Feb. 14, 1900. Appeal, No. 12, Feb. T., 1900, by defendant, in a suit of James Connor against Howard Lyon, doing business as the Lyon Lumber Company, from judgment of C. P. Sullivan Co., Sept. T., 1898, No. 4, in favor of plaintiff for want of an appearance and affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, and W. D. PORTER JJ. Reversed. Opinion by W. D. PORTER, J.

Motion to strike off judgment. Before MORRISON, P. J., of the 48th judicial district, specially presiding.

It appears from the record that this was an appeal by defendant from the judgment of a justice. Defendant entered a rule on plaintiff to file a special narr. or itemized statement of demand and subsequently plaintiff filed a statement, and the court directed judgment to be entered in favor of plaintiff and against defendant for want of an appearance and affidavit of defense for $33.57. Defendant appealed.

*Errors assigned* among others were (1) in entering judgment against defendant for want of an appearance and an affidavit of defense. (5) In holding that defendant was in default for not having entered formal appearance by counsel. (6) In holding that defendant was in default for not having filed an affidavit of defense without proof of a demand on him, in writing, to file such affidavit, fifteen days before the entry of judgment.

*E. J. Mullen*, for appellant.—It has been ruled over and over again by the courts in Pennsylvania, and authorities are so numerous that it would be mere affectation to cite a number of them, that the procedure Act of May 25, 1887, P. L. 271, does not apply to appeals from judgments of justices of the peace: Heroy Company v. Smith, 5 Pa. Dist. Rep. 293.

How a defendant, who had himself brought the case into the common pleas by appeal, could be in default for this reason, we confess, we are at a loss to understand: Jones v. Brown, 1 Dist. Rep., 675.

*A. J. Bradley*, for appellee.—Though, strictly speaking, the "docket" is no part of the record, it must be so considered for the purpose of ascertaining whether an appearance has been entered: 2 Am. & Eng. Ency. of Pl. & Pr. 598.

The fact that the appellant on June 25, 1898, ruled appellee to file a special narr. or statement, which was done, brought said case under the provisions of the act of 1887, and it became appellant's duty to enter an appearance and file an affidavit of defense, as well as to plead; all of which appellant failed to do, and so failing entitled appellee to judgment: Walden v. Berry, 48 Pa. 456.

OPINION BY W. D. PORTER J., April 23, 1900:

Judgment was entered by a justice of the peace against the defendant, who duly appealed therefrom and filed his appeal, with a properly certified transcript, in the court of common pleas of Sullivan county on May 23, 1898. On June 7, 1898, plaintiff entered a rule on the defendant to choose arbitrators, and arbitrators were subsequently chosen. On June 25, 1898, defendant entered a rule on the plaintiff to file a special narr. or itemized statement of plaintiff's demand. On July 9, 1898, plaintiff filed a statement. On May 24, 1899, upon motion of plaintiff's attorney, and without notice to the defendant, judgment was entered against the defendant for want of an appearance and affidavit of defense, and upon said judgment an execution was issued. The defendant appealed and the entry of the judgment, as aforesaid, is now assigned for error.

The Act of June 13, 1836, P. L. 568, secs. 33, 34, does not apply to appeals from judgments of justices of the peace; that act can only be invoked where the original writ in the case has been issued from and returned to the court in which the defendant is to appear, and the plaintiff must have filed a declaration before the return day of the orignal writ: Dennison v. Leech, 9 Pa. 164; Black v. Johns, 68 Pa. 83; Kohler v. Luckenbaugh, 84 Pa. 258. Rule No. 14 of the court of common pleas of Sullivan county, upon which appellee relies, follows the language of this act of assembly, and explicitly refers to the act, and the judgment in the present case can find no shelter under the wing of that rule. Apart from these considerations, however, this defendant was in court. The entry of the appeal from the judgment of the justice was equivalent to an appearance in propria persona. When the appearance is in person, it is only necessary that some act should be done admitting that the party is regularly in court and bound to answer: Crosby v. Massey, 1 P. & W. 229; Weaver v. Stone, 2 Grant, 422; P. & L. Dig. of Decisions, 1145. The Act of March 20, 1810, 5 Smith's Laws, 161, sec. 4, contains this provision: " And the whole proceeding in case of appeal shall be certified to the prothonotary of the proper county, who shall enter the same in his docket; and the suit from thence shall take grade with and be subject to the same rules as other actions where the parties are considered to be in court." This judgment cannot be sustained upon the

ground that the appearance of an attorney for the defendant had not been formally entered of record.

It remains to be considered whether the judgment can be sustained upon the ground that the defendant was in default in not having filed an affidavit of defense. It is not necessary in this case to decide whether those sections of the Act of May 25, 1887, P. L. 271, which regulate the entry of judgment for want of a sufficient affidavit of defense, apply to appeals from judgments of justices of the peace; for the record shows, and it is here admitted, that no statement was served upon the defendant and that the plaintiff gave him no notice that the statement had been filed. Rule No. 9 of the court of common pleas of Sullivan county is as follows: " In all cases arising ex contractu, brought into court on appeal from a justice of the peace, the plaintiff may, at any time, file a statement in the manner prescribed by the Act of May 25, 1887, P. L. 271, and thereupon may demand an affidavit of defense and take judgment by default, either in open court or before the prothonotary, unless affidavit be filed within fifteen days after written notice of such demand shall have been served on the defendant, his agent or attorney." This rule practically adopts the language of the statute and is so clearly drawn that it can lead to no mistake. Under the statute, as well as under the rule of court, the defendant must have written notice that the statement has been filed and that he is required to file an affidavit of defense; and if, at any time within those fifteen days, he files an affidavit of defense, he is not in default. The record should show that such notice was given, or it will not sustain a judgment for want of a sufficient affidavit of defense. The entry of such judgments, whether under the statute or under a rule of court, facilitates business, and it is, therefore, to be commended; but it is a special power to enter a summary judgment against a defendant, and is in derogation of his right to a trial by jury. In order to invoke the aid of such a statute or rule of court, the plaintiff must show that he has brought himself within its terms: Yates v. The Borough of Meadville, 56 Pa. 21; Wall v. Dovey, 60 Pa. 212. This judgment cannot be sustained on any grounds, and the assignments of error are sustained.

Judgment reversed and procedendo awarded.