## Specktor, Larner & Peck v. Northwestern Fire and Marine Insurance Company.

*Abating writ distinguished from striking off service—Where original writ is abated, alias summons may not be issued.*

1. An abatement of the original writ of summons is an abatement of the action and no *alias* summons can be issued in the same suit.

2. The office of an *alias* is to revive or continue the proceedings already in existence, and an essential prerequisite to the *alias* writ is that the original should be kept alive.

3. There is a distinction between abating the original writ of summons and merely striking off the service, leaving the original writ in existence, upon which a subsequent action can be founded.

Rules to strike off service of *alias* summons and quash writ, and to strike off and abate the service of *alias* summons. C. P. No. 5, Phila. Co., Dec. T., 1922, No. 4075.

*William A. Gray*, for plaintiffs; *H. M. Schell*, for defendants.

MARTIN, P. J., Nov. 19, 1926.—The judgment of the Supreme Court in this case, reported in Spector *v.* Insurance Co., 285 Pa. 464, was that "the writ of summons is abated." The service was made under the Act of May 17, 1921, P. L. 682, and was not good for the reason that the title of the act gave no

notice that it provided a method of serving process, and the act was unconstitutional. The service should have been made in the manner provided by the Act of July 9, 1901, P. L. 614.

When the question of the legality of the service was originally raised in this court, the unconstitutionality of the provision of the Act of 1921 respecting service in insurance cases was not suggested or considered.

Subsequently to the decision of the Supreme Court plaintiff caused to be issued an *alias* summons as of the same number and term, which was served in the manner provided by the Act of July 9, 1901.

These rules were entered to strike off and abate this *alias* summons and the service thereunder.

Both rules involve the same legal question, namely, the legal effect of abatement of the original summons by the Supreme Court.

The summons was the inception of the suit. The general rule seems to be that "at law the abatement of a suit is a complete termination of that particular suit, so that it cannot be revived; but it does not determine or defeat plaintiff's cause of action or the institution of a new suit:" 1 Corpus Juris, 26, § 2. This is in accord with the common acceptation as well as the legal definition of the word "abatement." In Webster's Dictionary the meaning of "abatement" as a legal term is given as "termination of the proceedings of an action by reason of some formal defect or misnomer," and that at law "abate" means "to bring entirely down or demolish; to put an end to; to do away with; as to abate a nuisance; to abate an action; to nullify; to make void."

Bouvier's Law Dictionary defines "abatement" "to throw down, to put down, destroy, quash," and cites, among others, 2 Blackstone's Commentaries, 168. As a pleading at law it defines "abatement" to be "the overthrow of an action caused by the defendant pleading some matter of fact tending to impeach the correctness of the writ or declaration which defeats the action for the present, but does not bar the plaintiff from recommencing it in a better way."

The language used by the Supreme Court, following the direction of the Act of 1901, is that the writ of summons is abated, but as the writ is the only thing which represents the action, abatement of the summons is in effect an abatement of the suit.

There is the further question as to whether an *alias* summons can be grafted upon this abated summons or terminated suit. In Lynn v. McMillen, 3 Penrose & Wattts, 170, an *alias* summons is said to be "a continuance of the original process." In Davidson v. Thornton, 7 Pa. 128, 133, Chief Justice Gibson says that in law "an *alias* writ, whether mesne or judicial, is required to recite the mandate of, and return to, its predecessor as the basis of further proceedings; and those forms were strictly followed in Pennsylvania till the popular principle of rotation had driven everything like experience and skill from the offices of the prothonotaries and clerks. Since then the practice of making every writ a transcript of the preceding one, and of putting every execution into the same form, whether the money to be made were recovered as a debt or as damages, has become universal. To the eye, a series of writs like the present appear incongruous, anomalous and disjointed; but we hold it to be enough that they are in truth used to continue an original."

In Allen v. Liggett, 81 Pa. 486, it was held that: "When a summons is not served, a plaintiff at common law may prevent its abatement by entering continuances from term to term, and then issue an *alias* to bring in the defendant, and thus prevent the bar of the statute of limitations;" and that "an *alias scire facias* issued after five terms from the former is insufficient to preserve the lien of a judgment which had expired in the interval."

Specktor, Larner & Peck *v.* Northwestern Fire & Marine Ins. Co.

These authorities indicate that the office of an *alias* is to revive or continue a proceeding already in existence, and that an essential prerequisite to the issuance of the *alias* writ is that the original should be kept alive.

When the Supreme Court abated the original summons in this case, it abated the suit or action, and no *alias* summons can be issued in the same suit. Consequently, the rules must be made absolute.

Plaintiffs rely upon the case of Everett *v.* Niagara Ins. Co., 142 Pa. 322, to sustain their contention that the suit was still alive after the abatement of the summons, but in that case only the service was stricken off, leaving the summons in existence, upon which a subsequent action could be founded.

And now, to wit, Nov. 19, 1926, the rule granted Aug. 17, 1926, to show cause why the service of *alias* summons in *assumpsit* in this case should not be stricken off and the writ of *alias* summons quashed is made absolute; and the rule granted Sept. 8, 1926, to show cause why the writ of *alias* summons in *assumpsit* in this case should not be stricken off and abated is made absolute.