## Imler et al. v. Moyer et al.

*Reiley & Reiley,* for plaintiffs.

*Paul A. Koontz* and *Scheeline, Smith & Leopold,* for defendants.

WRIGHT, P. J., July 13, 1942.—This is a rule to show cause why defendants' writ of certiorari should not be quashed. A detailed statement of the rather complicated factual situation seems necessary.

Defendants, contractors residing in Blair County, were erecting a high school building in Bedford County, upon which project plaintiffs were employed. A dispute arose as to the amount due, and on February 6, 1941, plaintiffs instituted a suit in assumpsit before a justice of the peace. The summons was made returnable February 10, 1941, and was served upon the agent of defendants at the construction job. Defendants did not appear at the hearing before the justice of the peace, who rendered judgment for plaintiffs by default. On February 26, 1941, counsel for defendants appeared at the office of the justice of the peace and filed an appeal affidavit executed by defendants, together with a check for bail. Thereupon the justice of the peace prepared a transcript of appeal, which was filed by defendants' attorney in the Court of Common Pleas of Bedford County on April 2, 1941, to no. 171, May term, 1941. Plaintiffs then petitioned the court to strike off this appeal because it was not accompanied by a bail bond and on October 30, 1941, the rule granted on this petition was made absolute. On January 8, 1942, defendants' attorney appeared specially before the justice of the peace and moved that the judgment be stricken off because of defective service of the writ of summons. On January 15, 1942, the justice of the peace refused this motion. On February 4, 1942, a præcipe for the present writ of certiorari was filed in the court of common pleas to no. 41, May term, 1942.

Defendants take the position that, while the writ of summons was regularly issued, it was not properly served. We are not here deciding that question. However, as one of two reasons for quashing the certiorari, plaintiffs contend that even though the service was defective this error was waived and cured by the taking of an appeal, and that defendants cannot now raise the question by certiorari. With this contention we agree.

Even though service be defective, such error is cured by appearance: Borough of Jeanette v. Roehme, 9

Pa. Superior Ct. 33. We are of the opinion that defendants recognized the jurisdiction of the justice of the peace when the affidavit of appeal and check for bail were filed in his office, which action was subsequently confirmed by the filing of the transcript of appeal in the office of the prothonotary of the court of common pleas. The taking of an appeal from a judgment of the justice of the peace is considered to be a general appearance: Connor v. Lyon, 13 Pa. Superior Ct. 502. Such action amounts to a recognition of the fact that the case was regularly before the justice of the peace and operates as a waiver of defective service: Jones v. The Delaware & Hudson Canal Co., 10 Phila. 570. Defendants argue that, since their appeal was stricken off by the court because of the lack of a bail bond, it was, therefore, a nullity and void ab initio and consequently should not prevent a proceeding by certiorari. With this position we cannot agree.

While defendants did not appear at the hearing before the justice of the peace, it is apparent that they had notice of this hearing. They chose not to question the jurisdiction of the justice of the peace, but rather to appeal from his judgment. We cannot countenance a complete reversal of theory at this stage of the proceeding. Having elected to appeal, defendants must abide by their choice. While not binding upon us, the decision of the Armstrong County court in the case of Freeport Water Works Co. v. Reineke-Wagner Pump, &c., Co., 24 Dist. R. 553, is exactly in point. In that case defendant appealed from the judgment of a justice of the peace, which appeal was subsequently stricken off for want of an appeal affidavit. It was held that defendant could not thereafter proceed by certiorari.

The other reason advanced by plaintiffs for the quashing of the certiorari is that the writ was not issued within 20 days of the entry of the judgment, nor within 20 days of the discovery of the entry of

the judgment. Under the Act of March 20, 1810, P. L. 208, 42 PS §951, writs of certiorari to remove proceedings before a justice of the peace must be issued within 20 days after judgment.

Defendants argue that this limitation does not apply where the justice of the peace does not have jurisdiction and contend that he had no jurisdiction of the parties in this case because they were not legally summoned, citing Lacock v. White, 19 Pa. 495, and Pantall et al. v. Dickey, 123 Pa. 431. There seems to be a direct conflict between the decisions of the Supreme and Superior Courts on this question. In the Pantall v. Dickey case, in which a justice of the peace had issued a long instead of a short summons against nonresident defendants, the Supreme Court states that, if a judgment is void for want of jurisdiction, it matters not how, nor in what mode, nor at what time, the objection is raised; that, being void, the judgment has no efficacy at any time and that defendant can afford to disregard the judgment until an effort is made to enforce it. This case has been cited frequently with approval; for instance, in the case of Romberger v. Romberger et al., 290 Pa. 454, wherein the Supreme Court states that no laches can run against a void judgment.

On the other hand in Laska v. Zelazowski, 134 Pa. Superior Ct. 311, the Superior Court holds that the rule that it is never too late to take advantage of the lack of jurisdiction is applicable only when defendant has no notice of the judgment against him, or knowledge of facts sufficient to put him on inquiry, or if the magistrate could not acquire jurisdiction by consent, quoting with approval language of the late Judge Brownson in Sprowls v. Ealy et al., 24 D. & C. 377, to the effect that the question of laches is to be considered in such circumstances. The Superior Court points out that an equitable interpretation must be given to the limitation imposed by the Act of 1810,

and that while a certiorari may be issued after the 20-day period where fundamental deficiencies appear in the record, yet defendant must in such case sue out the writ within a reasonable time, which means within 20 days after knowledge that the judgment has been entered, citing Schwartz Bros. v. Adams Express Co., 75 Pa. Superior Ct. 402.

It should be borne in mind that in the present case the justice of the peace did have jurisdiction of the subject matter and of the form of action and that the summons was admittedly regular. The attempted attack upon the proceedings is directed solely against the manner of service. It is not necessary, however, for us to attempt to reconcile this apparent conflict, but we feel that the matter is of sufficient interest and importance to be given recognition. We propose to rest our decision upon the first reason hereinbefore discussed and enter the following

### Decree

Now, to wit, July 13, 1942, the rule to show cause why the writ of certiorari should not be quashed is made absolute, and the said writ of certiorari heretofore issued is hereby quashed at the cost of defendants. An exception is noted to A. C. Moyer and Jacob Moyer, trading as Moyer Brothers.